Salem

## AARON WILLIAM SMITH

v.

## COMMONWEALTH OF VIRGINIA

No. 0144-89-3

Decided July 17, 1990

Counsel

Perry M. Harrold, for appellant.

Thomas C. Daniel, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

Opinion

**DUFF, J.**—Aaron William Smith appeals his conviction of breaking and entering with the intent to unlawfully wound the occupants of a dwelling house. Two issues are presented by the appeal: (1) whether Smith was convicted of a crime different in nature from that charged in the indictment, and (2) whether the evidence was sufficient to support the conviction. We find the crime of breaking and entering with the intent to unlawfully wound is of the same general nature and character as the crime charged and, further, that Smith has not properly preserved the sufficiency issue for appeal. Accordingly, we affirm.

Viewed in the light most favorable to the Commonwealth, the evidence revealed the following: At approximately midnight on February 28, 1988, Elizabeth Smith was awakened by her son, the defendant, knocking on the window and saying, "[o]pen the door." She had told him to stay away from the house, her brother's residence, because of his violent nature when he was "drinking."

When she refused the defendant admittance, pushing the kitchen table up against the door, and when her brother Howard fired a shotgun through the backdoor, the defendant began shouting that he was going to kill them. Trying to force the door frame with a knife, he broke two panes of glass in the door. Unable to gain entry through the door, the defendant went to the bathroom window adjacent to the door and knocked out the entire window, glass and sash. He entered through the window. The police arrived at that point and found the defendant's knife, a four-inch, fold-up lock-blade knife, on the kitchen floor.

Smith testified at trial that he had wanted to speak to his parents about reconciliation that night. He admitted that he was inebriated and that he broke the door glass before entering through the window while armed with a knife.

Smith was indicted for breaking and entering with the intent to commit murder. The conviction order and the sentencing order both show that Smith was convicted of breaking and entering with the intent to commit unlawful wounding. He contends he was convicted of "something. . . different in nature from the original charge." We disagree.

In *Sullivan v. Commonwealth*, 157 Va. 867, 161 S.E. 297 (1931), the original indictment charged the crime of breaking and entering a dwelling house with the intent to maim. It was amended to charge breaking and entering with the intent to commit murder. Sullivan contended that the trial court erred in permitting the amendment. In rejecting this contention the Supreme Court held:

> [T]he bare fact that the amendment so allowed charged a different intent, though based on the same overt acts, *i.e.*, breaking, entering and shooting, which intent, while if proved would enhance the punishment, nevertheless did not, within the meaning of the statute, change the nature of the offense charged in the original indictment. As amended the indictment still charged a felony of the same general nature or class.

*Id.* at 878, 161 S.E. at 300. We note also the applicability of Code § 19.2-285.[1] The trial court apparently found reasonable doubt about Smith's intent to commit murder but had no such doubt about his intent to wound. The overt acts were the same as charged: breaking and entering. Only the intent differed. However, the intent with which the crime was committed does not change its general nature or character. *Sullivan*, 157 Va. at 876, 161 S.E. at 298. Our review of the record does not support Smith's contention that he was deprived of the opportunity to emphasize evidence showing that he was not trying to wound or hurt anyone. At least four times in his testimony he said that his intention in going to his mother's house was to seek a reconciliation of the family.

---

[1] Code § 19.2-285 reads in pertinent part as follows:

If a person indicted of a felony be by the jury acquitted of part of the offense charged, he shall be sentenced for such part as he is so convicted of, if the same be substantially charged in the indictment, whether it be felony or misdemeanor.

■ At the close of the Commonwealth's evidence Smith moved to strike the evidence on the ground that the proof failed to establish the "while armed" element of the indictment. He raised no issue relating to the Commonwealth's alleged failure to establish intent. In *Simmons v. Commonwealth*, 6 Va. App. 445, 451, 371 S.E.2d 7, 10 (1988), *rev'd on other grounds*, 238 Va. 200, 380 S.E.2d 656 (1989), we observed that grounds of objection must be stated with specificity, and objection timely made, in order for an issue to be considered on appeal. Smith's failure to make a specific and timely objection precludes our consideration of the issue. Furthermore, at the close of all of the evidence Smith did not renew his motion to strike. Thus, he is further precluded from raising the sufficiency issue on appeal. *White v. Commonwealth*, 3 Va. App. 231, 233, 348 S.E.2d 866, 867 (1986).

Accordingly, the conviction appealed from is

*Affirmed.*

Coleman, J., and Cole, J., concurred.