472 S.E.2d 658

**Judea S. CRAWFORD, s/k/a Judea Summerbell Crawford**

v.

**COMMONWEALTH of Virginia.**

**Record No. 2562–94–3.**

Court of Appeals of Virginia,
Richmond.

July 9, 1996.

Benton, J., filed dissenting opinion.

Scott Goodman, for appellant.

John H. McLees, Jr., Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

Present: BENTON, ELDER and ANNUNZIATA, JJ.

ELDER, Judge.

Judea Summerbell Crawford (appellant) appeals his convictions for carnal knowledge of a child between thirteen and fifteen years of age (statutory rape), in violation of Code § 18.2–63, and crimes against nature, in violation of Code § 18.2–361. Appellant contends that the trial court erred in failing to grant his continuance motion after permitting the case to proceed on evidence substantially in conflict with the

indictments and subsequently amending the indictments to conform to the evidence. Although we hold that the trial court erred, the error was harmless. We therefore affirm appellant's convictions.

## I.

### FACTS

The record shows that appellant was indicted on October 25, 1993 in the Circuit Court of Augusta County for (1) feloniously having sexual intercourse with Tina Crawford (the victim), his daughter, who at the time was under age thirteen, in violation of Code § 18.2–61; and (2) feloniously causing the victim, who at the time was under age thirteen, to perform fellatio on him, in violation of Code § 18.2–67.1.

During appellant's jury trial, on June 16 and 17, 1994, the victim testified that she could not recall whether the alleged offenses occurred in the summer of 1983 or 1984. The Commonwealth's evidence showed that the victim, who was born on April 16, 1971, was under age fifteen when the alleged incidents occurred, but may not have been under age thirteen, as required under the charged offenses.

At the conclusion of the Commonwealth's case in chief, appellant moved to strike the evidence because it did not prove that the victim was under age thirteen at the time of the alleged offenses. The Commonwealth agreed, but requested that the trial court allow it to proceed on "lesser included" offenses based on the same indictments. Appellant argued that Code § 18.2–63 (carnal knowledge of a child thirteen or fourteen years of age—statutory rape) was not a lesser included offense of Code § 18.2–61, and that Code § 18.2–361 (crimes against nature) was not a lesser included offense of Code § 18.2–67.1. The trial court granted the Commonwealth's request pursuant to Code § 19.2–231, which allows indictments to be amended at any time before a jury returns a verdict in the case, provided the amendment does not change the nature or character of the offense charged.

Appellant then requested a continuance, pursuant to Code § 19.2–231, which permits a trial court to continue a case

where an amendment operates as a surprise to the defendant. Appellant argued that the trial court's amendment of the indictments caused him to defend charges covering a different time period and precluded him from gathering relevant medical or alibi evidence. The trial court overruled appellant's continuance motion after concluding that appellant was not "surprised" by the amendments. The trial court stated that appellant never proffered any evidence which would have assisted in his defense of the amended charges; rather, appellant's only defense to the charges was that he *never* sexually abused the victim at any point in his life.

At the conclusion of the evidence, the trial court permitted the Commonwealth to amend the indictments to allege (1) carnal knowledge of a child between thirteen or fourteen years of age—statutory rape, in violation of Code § 18.2–63; and (2) crimes against nature, in violation of Code § 18.2–361. The jury convicted appellant on both counts, and the trial court sentenced appellant to serve ten years in the penitentiary for statutory rape and twenty years in the penitentiary for unnatural acts with the victim. Appellant now appeals to this Court.

## II.

### CONTINUANCE OF THE CASE

The trial court allowed the Commonwealth to amend the two original indictments against appellant, pursuant to Code § 19.2–231, which states:

> If there be any defect in form in any indictment, presentment or information, or if there shall appear to be any variance between the allegations therein and the evidence offered in proof thereof, the court may permit amendment of such indictment, presentment or information, at any time before the jury returns a verdict or the court finds the accused guilty or not guilty, provided the amendment does not change the nature or character of the offense charged. After any such amendment the accused shall be arraigned on the indictment, presentment or information as amended, and shall be allowed to plead anew thereto, if he so desires,

and the trial shall proceed as if no amendment had been made; *but if the court finds that such amendment operates as a surprise to the accused, he shall be entitled, upon request, to a continuance of the case for a reasonable time.* (Emphasis added).

■ Finding appellant was not surprised by the amendments, the trial court denied appellant's continuance request. We hold that the trial court was plainly wrong in finding that the amendments did not operate as a surprise upon appellant and that the trial court erred in denying the continuance request. *See Cardwell v. Commonwealth,* 248 Va. 501, 508–09, 450 S.E.2d 146, 151 (1994)(holding that a trial court's ruling on a continuance motion will not be reversed on appeal unless it was plainly wrong), *cert. denied,* —— U.S. ——, 115 S.Ct. 1826, 131 L.Ed.2d 747 (1995).

Assuming without deciding that the amended charges were lesser included offenses of the original charges,[1] the Commonwealth nevertheless placed appellant in the position of defending himself *as to a different time period* (twelve months later than the original charged offenses). The variance in the applicable time periods operated as a "surprise" upon appellant, irrespective of whether his right to a fair trial was prejudiced. *See generally Willis v. Commonwealth,* 10 Va. App. 430, 438–39, 393 S.E.2d 405, 409 (1990)(under facts of case, affirming trial court's finding of lack of surprise).

The trial court correctly noted that appellant's defense to the original charges was that he never, at any time, sexually abused the victim.[2] While appellant presented the same defense to the amended charges, the trial court did not afford appellant an opportunity to gather factual information regarding an alibi and records to prove that he did not sexually abuse the victim during the summer of 1984. The record

---

1. This issue is not before us on appeal. Furthermore, appellant conceded that the trial court properly amended the charges at the Commonwealth's request.

2. Although appellant's defense was the same, the change in dates nonetheless could have been significant. Appellant may have been able

reveals that appellant met his minimal burden of explaining to the trial court how the presentation of his defense would have changed in confronting the amended indictments. For example, appellant informed the trial court that a continuance might have allowed him to locate alibi witnesses or alibi evidence proving his whereabouts during the period in question. Appellant also informed the trial court that a continuance might have afforded him the chance to review the victim's medical records from the summer of 1984 in an effort to locate information tending to discredit her version of events. We hold that the evidence did not support the trial court's finding of lack of surprise; therefore, the trial court was plainly wrong in denying appellant's continuance motion. *See Naulty v. Commonwealth,* 2 Va.App. 523, 527, 346 S.E.2d 540, 542 (1986)("A factual finding made by the trial court is binding on appeal unless plainly wrong").

█ Although the trial court erred in denying appellant's motion for a continuance, appellant failed to proffer to the trial court, prior to the conviction order becoming final, specific evidence that he wished to present on his behalf. Therefore, the trial court's decision, while erroneous, did not deprive appellant of his constitutional right to investigate, evaluate, and call favorable evidence to confront the amended charges against him. *See* Va. Const. art. I, § 8. Appellant had up to twenty-one days after sentencing in which to proffer any specific evidence which would have assisted in defending himself against the amended charges or to assert that he had valid leads and needed additional time to pursue them. *See* Rule 1.1 ("all final judgments ... shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer").

█ Without a proffer of evidence in the record, appellant gives us no basis on which to decide that the trial court's

to identify "alibi" evidence for 1984 but not for 1983. Presentation of alibi evidence for 1984 would have strengthened his claim that he never, at any time, sexually abused the victim.

error was not harmless beyond a reasonable doubt. *See Lavinder v. Commonwealth,* 12 Va.App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (*en banc*)(holding that constitutional error must be harmless beyond a reasonable doubt); 17 Am.Jur.2d *Continuance* § 102 (1990 & Supp. Apr. 1995)("The denial of a continuance motion is not harmful error where it is not shown that the defendant was prejudiced in his defense on the merits"). While prejudice to the defendant is *not* a factor in a trial court's determination of whether the defendant is "surprised" by an amendment, prejudice *is* a factor in determining whether a decision should be reversed on appeal. As we held in *Lowery v. Commonwealth,* 9 Va.App. 304, 387 S.E.2d 508 (1990), where a trial court abuses its discretion in denying a continuance request, the complaining party must still show that the trial court's error was prejudicial. We explained in *Lowery:*

> Even if we assume arguendo that the trial court abused its discretion in denying [the defendant] a recess, we are unable to determine whether prejudice resulted. The record before us is silent regarding whether [the witness'] testimony would have supported [the defendant's] alibi defense. Instead, [the defendant] asks us to speculate that, because [the witness] might have provided alibi testimony, he was prejudiced by the trial court's refusal to grant his attorney a recess to speak with her. Prejudice, however, may not be presumed; it must appear from the record.

*Id.* at 307, 387 S.E.2d at 510 (citing *Bradley v. Poole,* 187 Va. 432, 433, 47 S.E.2d 341, 341 (1948)). In this case, we cannot speculate as to how appellant was prejudiced by the trial court's erroneous decision that the amendments did not "surprise" appellant.

For these reasons, we affirm appellant's convictions.

*Affirmed.*

BENTON, Judge, dissenting.

I agree with the majority that the amendments to the two indictments surprised Crawford and that the trial judge was

plainly wrong in finding no surprise. However, I do not agree with the majority that the trial judge's error in refusing to grant a continuance constituted harmless error.

Code § 19.2–231 states that if at trial an "amendment [to an indictment] operates as a surprise to the accused, he *shall be entitled,* upon request, to a continuance of the case for a reasonable time." (Emphasis added). Thus, by legislation the General Assembly has mandated that a finding of "surprise" entitles the accused to a continuance as a matter of right. In so doing, the legislature reasonably determined that any amendment which surprised the defense necessarily burdened an accused's constitutional right "to call for evidence in his favor." Va. Const. art. I, § 8. "This right guarantees an accused sufficient time to investigate and evaluate the evidence ... for trial." *Lomax v. Commonwealth,* 228 Va. 168, 172, 319 S.E.2d 763, 765 (1984). Justice, not speed, is the paramount purpose of the criminal justice system. *Smith v. Commonwealth,* 155 Va. 1111, 1117, 156 S.E. 577, 579 (1931).

Both the prosecution and the defense were surprised by the Commonwealth's witness' testimony. When the prosecutor moved to amend the indictment, Crawford requested a continuance and specified his need to gather evidence to meet the changed indictment. Code § 19.2–231 clearly mandates that Crawford, who was surprised by the amendment, was "entitled, upon request, to a continuance."

The majority concludes that the error was harmless because Crawford "failed to proffer to the trial court, prior to the conviction order becoming final, specific evidence that he wished to present on his behalf." Under the rubric of harmless error, the majority's analysis grafts onto the statute a burden that denudes the right the statute enforces. The majority places this burden upon Crawford even though Code § 19.2–231, under which the trial judge's original error occurred, places no burden of proof upon the accused to produce, as stated by the majority, "specific evidence which would have assisted [him] in defending himself."

When Crawford stated his objection, demonstrated his surprise, and requested a continuance, he was not required to renew the objection, *see* Code § 8.01–384, or make an exception by proof on the record. *Id. See also Martin v. Commonwealth,* 13 Va.App. 524, 530, 414 S.E.2d 401, 404 (1992). Only in certain circumstances when the *correctness* of a trial judge's ruling cannot be determined from the record is counsel's failure to make a proffer of evidence an appropriate basis for affirming the trial judge's ruling. *Jackson v. Commonwealth,* 98 Va. 845, 846–47, 36 S.E. 487, 488 (1900)(when a witness is not permitted to answer a question, the proponent's failure to proffer the expected answer precludes appellate review); *Smith v. Hylton,* 14 Va.App. 354, 357–58, 416 S.E.2d 712, 715 (1992)(if a party's evidence is ruled inadmissible, the party must proffer the evidence for the record, "otherwise the appellate court has no basis to decide whether the evidence was admissible"). A proffer is required in those circumstances because if no proffer is made, the reviewing court has no basis upon which to determine *whether* the trial judge erred.

No case cited by the majority requires counsel to proffer evidence after final judgment in order to avoid a harmless error finding arising from a trial judge's refusal to grant a continuance under Code § 19.2–231. The majority cites *Lowery v. Commonwealth,* 9 Va.App. 304, 387 S.E.2d 508 (1990), for the proposition that Crawford was required to demonstrate both an abuse of discretion and prejudice to obtain a reversal of his conviction due to the trial judge's failure to grant a continuance. I disagree. First, *Lowery* was not decided under Code § 19.2–231. The general rules applied in *Lowery* have no bearing upon the statute which addresses the specific circumstance of surprise created by an amended indictment. When a statute specifically addresses a subject, it takes precedence over general rules of application. *See Dodson v. Potomac Mack Sales & Service, Inc.,* 241 Va. 89, 94–95, 400 S.E.2d 178, 181 (1991). Second, the prejudice that is inherent in "surprise" did not exist in *Lowery,* where the counsel for the accused requested a recess to confer with a

witness whom counsel previously had subpoenaed to testify. 9 Va.App. at 305–06, 387 S.E.2d at 509. Finally, the record in *Lowery* had unchallenged evidence that the witness, who was present in court, would have given testimony unfavorable to the accused. *Id.* at 308, 387 S.E.2d at 510. Thus, the record itself refuted Lowery's claim that the failure to grant a recess prejudiced him.

Because Code § 19.2–231 required the trial judge to grant a continuance when the surprise occurred, the trial judge erred in denying the continuance. The majority correctly concludes that the trial judge "did not afford [Crawford] an opportunity to gather factual information regarding an alibi and records to prove he did not sexually abuse the victim during the summer of 1984." When, as in this case, the record proves "surprise" arising from amendment of the indictment, we must presume prejudice and reverse the conviction unless the Commonwealth proves that the error was harmless beyond a reasonable doubt.

Crawford's objection to the amendment and request for continuance alerted the trial judge to the error. That objection, by itself, allowed the trial judge and this Court to determine whether a continuance should have been granted. To now require a subsequent proffer to demonstrate that the error was prejudicial and, thus, avoid the finding of harmless error subverts the intent of Code § 19.2–231 by placing a burden upon the accused that is not stated or contemplated within the plain meaning of Code § 19.2–231.

In Virginia, "[e]rror will be presumed prejudicial unless it plainly appears that it could not have affected the result." *Joyner v. Commonwealth,* 192 Va. 471, 477, 65 S.E.2d 555, 558 (1951). Thus, to find harmless error " 'it [must] plainly appear[ ] from the *record* and the evidence given at the trial that' the error did not affect the verdict." *Lavinder v. Commonwealth,* 12 Va.App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc)(quoting Code § 8.01–678)(emphasis added). The Commonwealth had the burden to prove from the evidence in the record that the trial judge's erroneous ruling denying the continuance was harmless. *Joyner,* 192 Va. at 476–77, 65

S.E.2d at 558; *Beverly v. Commonwealth,* 12 Va.App. 160, 164, 403 S.E.2d 175, 177 (1991).

No evidence in this record remotely tends to prove that granting the continuance did not prejudice Crawford's defense and could not have changed the result. Indeed, whenever error is demonstrated, prejudice is presumed.[3] Furthermore, even if I could agree that this Court could graft onto the statute a requirement to show prejudice after there has been "a surprise" under Code § 19.2–231, in order to "be entitled ... to a continuance," the record established that the accused stated valid reasons for needing a continuance. Those reasons required the trial judge to grant a continuance.

Accordingly, I dissent. I would reverse the conviction and remand for a new trial.

---

**3.** As previously stated, unlike the normal case of alleged trial court error where the *existence* of the error cannot be determined in the absence of a proffer, the error in this case is palpable and neither this Court nor the trial court needs additional facts to make that determination. The burden of demonstrating harmless error is on the Commonwealth, not the accused. If the trial judge was required to grant the continuance, as the majority concedes, and error is *presumed* prejudicial, as *Joyner* holds, the Commonwealth, which has the burden of demonstrating harmless error, should be required to show what *in the record* establishes that the error was harmless.