COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Baker, Benton, Coleman, Willis,
      Elder, Bray, Fitzpatrick, Annunziata and Overton
Argued at Richmond, Virginia


JUDEA S. CRAWFORD, s/k/a
 JUDEA SUMMERBELL CRAWFORD
                                          OPINION BY
v.  Record No. 2562-94-3            JUDGE JAMES W. BENTON, JR.
                                       DECEMBER 31, 1996
COMMONWEALTH OF VIRGINIA


UPON A REHEARING EN BANC

FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Thomas H. Wood, Judge

Scott Goodman for appellant.

John H. McLees, Jr., Assistant Attorney
General (James S. Gilmore, III, Attorney
General, on brief), for appellee.


     Judea S. Crawford appeals his convictions for (1) carnal

knowledge of a child between thirteen and fifteen years of age,

in violation of Code § 18.2-63; and (2) crimes against nature, in

violation of Code § 18.2-361.  Crawford contends that the trial

judge erred in denying his motion for a continuance after the

judge allowed the prosecution to amend the indictment to conform

to unexpected testimony.  A panel of this Court, with one judge

dissenting, held that the error was harmless and affirmed the

convictions.  See Crawford v. Commonwealth, 22 Va. App. 663, 472

S.E.2d 658 (1996).  Pursuant to Code § 17-116.02(D), the Court

convened en banc to reconsider the question presented.  For the

reasons that follow, we reverse the convictions and remand for a

new trial.

Crawford was indicted for (1) feloniously having sexual intercourse with a child under age thirteen, in violation of Code § 18.2-61; and (2) feloniously causing a child under age thirteen to perform fellatio on him, in violation of Code § 18.2-67.1. The indictment charged that the events occurred in 1983 when the child, his daughter, was under age thirteen.

During the jury trial, the daughter testified that she could not recall whether the alleged offenses occurred in the summer of 1983 or 1984. At the conclusion of the Commonwealth's case-in-chief, Crawford moved to strike the evidence. He argued that the evidence failed to prove that the daughter, who was born in 1971, was under thirteen at the time of the alleged offenses. In response, the Commonwealth agreed that the evidence failed to prove the year in which the offenses occurred and requested that the trial judge allow the trial to proceed on the offenses of (1) carnal knowledge of a child between thirteen and fourteen years of age, in violation of Code § 18.2-63; and (2) "crimes against nature," in violation of Code § 18.2-361. Over Crawford's objections, the trial judge granted the Commonwealth's request pursuant to Code § 19.2-231, which allows indictments to be amended at any time before a jury returns a verdict, provided the amendment does not change the nature or character of the offense charged.

Crawford then asserted that the amendment operated as a

surprise and requested a continuance pursuant to another provision of Code § 19.2-231.  Crawford argued that the amendment of the indictment required him to defend charges covering a different time period and precluded him from gathering relevant medical or alibi evidence.  Ruling that Crawford was not surprised by the amendments, the trial judge overruled Crawford's motion.

At the conclusion of the evidence, the jury convicted Crawford on both counts of the indictment, as amended. Consistent with the jury's verdict, the judge sentenced Crawford to serve ten years in the penitentiary for statutory rape and twenty years in the penitentiary for committing "crimes against nature."  A judge of this Court granted Crawford's appeal from the trial judge's ruling that denied Crawford's request for a continuance.

II.

Code § 19.2-231 states the following:
> If there be any defect in form in any indictment, presentment or information, or if there shall appear to be any variance between the allegations therein and the evidence offered in proof thereof, the court may permit amendment of such indictment, presentment or information, at any time before the jury returns a verdict or the court finds the accused guilty or not guilty, provided the amendment does not change the nature or character of the offense charged. After any such amendment the accused shall be arraigned on the indictment, presentment or information as amended, and shall be allowed to plead anew thereto, if he so desires, and the trial shall proceed as if no amendment had been made; but if the court finds that

> such amendment operates as a surprise to the
> accused, he shall be entitled, upon request,
> to a continuance of the case for a reasonable
> time.

(Emphasis added).

The record and the transcript clearly establish that neither the Commonwealth nor Crawford expected the testimony that the alleged events may have occurred in 1984. The indictment charged that the child was under the age of thirteen and alleged conduct that occurred during a period in 1983. After the indictment was amended, Crawford was placed in the position of defending himself against offenses alleged to have been committed during a different time period. Thus, the facts that were relevant to Crawford's defense were necessarily different. As a result, Crawford was deprived of the opportunity to identify and present alibi and other exculpatory evidence for 1984.

Moreover, Crawford adequately demonstrated to the trial judge that the manner of defending himself against the new charges would have changed. Crawford informed the trial judge that a continuance would have allowed him to seek alibi witnesses or other alibi evidence proving his whereabouts during the revised period in question. Crawford also stated that a continuance would have provided him the opportunity to review the victim's medical records from the summer of 1984 to discredit her allegations. No contrary evidence supported the trial judge's finding of lack of surprise. Cf. Willis v. Commonwealth, 10 Va. App. 430, 438-39, 393 S.E.2d 405, 409 (1990). Thus, the trial

judge erred in finding that the amendments did not operate as a surprise upon Crawford.

## III.

Code § 19.2-231 states that if an amendment surprises the accused, the accused "<u>shall be entitled</u>, upon request, to a continuance of the case for a reasonable time." (Emphasis added). The principle is well settled that "[w]hen the word 'shall' appears in a statute it is generally used in an imperative or mandatory sense." <u>Schmidt v. City of Richmond</u>, 206 Va. 211, 218, 142 S.E.2d 573, 578 (1965).

The General Assembly has mandated in Code § 19.2-231 that a finding of "surprise" entitles the accused to a continuance as a matter of right. <u>See</u> <u>Willis</u>, 10 Va. App. at 438, 393 S.E.2d at 409. In so doing, the legislature reasonably determined that any amendment that surprises the defense necessarily burdens an accused's constitutional right "to call for evidence in his favor." Va. Const. art. I, § 8. The right to call for evidence in one's favor "guarantees an accused sufficient time to investigate and evaluate the evidence . . . for trial." <u>Lomax v. Commonwealth</u>, 228 Va. 168, 172, 319 S.E.2d 763, 765 (1984). In this context, we conclude that "the term 'shall' is mandatory and reflects the General Assembly's intention that there be no discretion in complying with [the] statute, except as provided in the statute itself." <u>Brunty v. Smith</u>, 22 Va. App. 191, 194-95, 468 S.E.2d 161, 163 (1996).

By directly linking the finding of "surprise" to an entitlement to a continuance, the legislature has declared that a surprise caused by amending an indictment at trial <u>per</u> <u>se</u> prejudices the accused.  To alleviate that prejudice, a trial judge must grant the accused a continuance for a reasonable period of time.  Accordingly, we hold that when the trial judge permitted the Commonwealth to amend the indictment, the amendment operated as a surprise to Crawford and required the trial judge to grant Crawford's § 19.2-231 motion for a continuance.

<u>Reversed and remanded for a new trial.</u>

Elder, and Annunziata, J.J., dissenting.

For the reasons stated in the panel's majority opinion, Judges Elder and Annunziata dissent.