COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


EDWARD T. ATORICK
                                        MEMORANDUM OPINION[*]
v.      Record No. 2934-95-4        BY JUDGE CHARLES H. DUFF
                                             JULY 8, 1997
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Richard J. Jamborsky, Judge

          Steven D. Briglia (Briglia & Wright, P.C., on
          brief), for appellant.

          Kathleen B. Martin, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.



     Edward T. Atorick (appellant) was convicted by a Fairfax

County jury of aggravated sexual battery in violation of Code

§ 18.2-67.3.  On appeal, he contends the trial court erred in

permitting the Commonwealth to amend the indictment and in

granting the jury's request to rehear a portion of the

Commonwealth's evidence.  Finding no error, we affirm appellant's

conviction.

     "On appeal, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom."  Maynard v. Commonwealth,

11 Va. App. 437, 439, 399 S.E.2d 635, 637 (1990) (en banc).  The

evidence demonstrated that the victim, who was born in 1983, had

---

          [*]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

lived next door to appellant and known him all her life. The victim, her siblings, and other neighborhood children often played in appellant's front yard, where they would perform gymnastics and skits. While the children played in his yard, appellant would sit nearby on a stack of logs.

The victim testified that on several occasions while playing in appellant's yard during the late summer of 1992, appellant pulled her onto his lap, took her hand around her back, and forced her hand to touch his penis on the outside of his clothing. Using the victim's hand, appellant would rub up and down on his penis on the outside of his pants. The one time the victim tried to pull her hand away appellant tightened his grip upon her. During these incidents, appellant always had a beer beside him. Appellant forced the victim to touch his penis in this manner at least five times, as well as one other time when he was visiting inside the victim's home.

The victim did not report the incidents until November of 1994, after a school counselor discussed sexual abuse with the victim's class. After being contacted by the police about the allegations, appellant met with Officer Brenda Akre at police headquarters. Appellant denied that he had ever forced the victim to touch his penis, and stated that he would never harm the victim or her siblings. He said that perhaps the victim had misinterpreted something that occurred during the acrobatic acts performed in his yard. Appellant said he did not remember any

incident happening as the victim described, but that he had been drinking heavily during that time period.

The following day, appellant returned to Akre's office. He said he recalled two incidents, once outside in the yard and once inside the victim's house, when he placed the victim's hand upon his penis. Appellant said he did not know why he had done it, that "maybe it felt good," that "it was wrong," and that "it should not have happened."

Testifying in his own behalf, appellant denied touching the victim in an improper manner at any time. Appellant testified that during his first conversation with Akre he had said the victim must have misinterpreted something that had happened while he was helping her with a gymnastic exercise. He denied telling Akre he had been drinking heavily during the time period of the alleged incidents. Appellant also denied telling Akre during the second interview that the victim's hand had touched his penis. According to appellant, he merely described to Akre an exercise game he had played with the victim. Appellant further testified that he was angered by Akre's accusing questions and left her office.

                                    I.

Citing Code § 18.2-67.3, the indictment charged that, between July 1, 1992 and October 31, 1992, appellant "unlawfully and feloniously sexually abuse[d] [the victim], a child less than thirteen (13) years of age, by intentionally touching her

intimate parts or clothing covering such intimate parts."  On August 4, 1995, nearly three months before the commencement of appellant's trial on October 30, 1995,[1] appellant moved to dismiss the indictment, arguing that the evidence presented by the Commonwealth at the preliminary hearing, rather than proving the conduct described in the indictment, demonstrated instead that appellant had forced the victim to touch the clothing covering his penis.  Upon the Commonwealth's motion, the trial judge amended the indictment to state that appellant had sexually abused the victim by "forcing [her] to touch his intimate parts or clothing covering such intimate parts."

"The purpose of an indictment is to give the accused notice of the nature and character of the offense charged."  Cantwell v. Commonwealth, 2 Va. App. 606, 608, 347 S.E.2d 523, 524 (1986). "Code § 19.2-231 permits the court to amend an indictment at any time before the verdict is returned or a finding of guilt is made, provided that the amendment does not change the nature or character of the offense charged.  This section is to be construed liberally."  Id.

The amendment of the indictment, which occurred nearly three months before trial, did not change the nature or character of the offense with which appellant was charged.  The amendment affected only the manner in which the aggravated sexual battery

---

[1]Appellant's first jury trial ended in a mistrial on September 14, 1995.

was committed, and appellant remained charged with the same crime committed against the same victim during the same period of time. He had ample opportunity to prepare a defense to the amended charge. Thus, the trial judge did not err in permitting the amendment, and in denying appellant's motion to dismiss the indictment. See Farewell v. Commonwealth, 167 Va. 475, 484, 189 S.E. 321, 325 (1937); Sullivan v. Commonwealth, 157 Va. 867, 878, 161 S.E. 297, 300 (1931).

## II.

On October 31, 1995, after the presentation of all the evidence, the jury deliberated for about one and one-half hours. The jury sent the judge a note stating, "Can we hear the testimony of Detective Akre." In a written response, the judge said, "No. Please rely on your collective recollection of her testimony." The following day, after deliberating for more than five hours, the jury sent a message that the votes of the jurors stood at eight, three, and one. The judge did not respond, and the jury further deliberated for one and one-half hours that day.

Due to the illness of the presiding judge, a different judge substituted for him on the third day of jury deliberations. That morning, the jury sent the substituting judge a note stating:

> We are having difficulty coming to a decision mainly because we disagree about our memories of Detective Akre's testimony. We have previously asked for the testimony of the detective and the judge refused to allow us to have it. If we cannot still have her testimony can we ask you: Did the detective testify that Mr. Atorick stated to her that he did indeed put [the victim's] hand on his

-5-

penis - If you cannot answer the question for us can we talk to you?

The judge assembled the jury in the courtroom. He asked the jurors if they could reach a verdict without a reading of Akre's testimony. The jurors said they could not. The judge then permitted the court reporter to read the testimony of Akre to the jury. Before doing so, the judge cautioned the jurors that they were not to give additional weight to Akre's testimony because it was being presented twice.[2]

"'Whether a jury, after retirement, may, upon their request have a particular portion of the evidence read to them is ordinarily a matter resting in the sound discretion of the trial court.'" Kennedy v. Commonwealth, 18 Va. App. 543, 547, 445 S.E.2d 699, 702 (1994) (citations omitted). Circumstances that may be pertinent to the resolution of the question include "the threat of 'unbalanced testimonial emphasis,' the length of the testimony in issue, the time already consumed in jury deliberation, the complexity of the trial and related issues, and the nature and specificity of the evidence subject of the testimony." Id. at 548, 445 S.E.2d at 703 (citations omitted). Furthermore, "the probative value and benefit of the testimony in issue to the fact finding process must always be weighed against its prejudicial effect to the accused, if any." Id.

---

[2]At a hearing on post-trial motions, the judge who presided at trial stated that he agreed with the substituting judge's decision to repeat Akre's testimony, and he adopted the ruling as his own.

In this case, on the third day of deliberations the jury indicated it was at an impasse without Akre's testimony. The jury previously had been admonished to resolve the situation by relying on its collective memory. The jury's request was specific and concerned a factual matter that was at the heart of the case. To avoid a possible second mistrial in the case, the judge had the court reporter read Akre's testimony in its entirety to the jury. Before the testimony was read, however, the judge "prudently and correctly instructed the jury to avoid any undue emphasis in its consideration of that evidence." Id. at 549, 445 S.E.2d at 703. "'"Unless the record shows to the contrary, it is to be presumed that the jury followed an explicit cautionary instruction promptly given."'" Id. (citations omitted). Under these circumstances, the judge did not abuse his discretion in repeating Akre's testimony at the jury's request.

For the foregoing reasons, appellant's conviction is affirmed.

Affirmed.

Benton, J., dissenting.

The original indictment charged that Edward T. Atorick "intentionally touch[ed] [the child's] intimate parts or clothing covering such intimate parts."  After Atorick moved to dismiss the indictment because the evidence presented by the Commonwealth at the preliminary hearing did not prove the allegation, the trial judge granted the Commonwealth's motion to amend the indictment.  The amended indictment stated that Atorick "forc[ed] [the child] to touch his intimate parts or clothing covering such intimate parts."  I would hold that this amendment changed the nature of the offense charged.  Accordingly, I dissent.

In discussing whether an amendment changed the nature of the offense charged, the Supreme Court set forth the following guidelines:

> "The charge with respect to the <u>conduct</u> of the accused which was alleged as rendering the accused guilty of an offense remained unchanged . . . .  Precisely the <u>same conduct</u> on the part of the accused was charged in the amended as in the original indictment."
>
> [T]he bare fact that the amendment so allowed charged a different intent, though based on the <u>same overt acts</u>, . . . did not, within the meaning of the statute, change the nature of the offense charged in the original indictment.

<u>Sullivan v. Commonwealth</u>, 157 Va. 867, 877-78, 161 S.E. 297, 300 (1931) (emphasis added) (citation omitted); <u>see</u> <u>also</u> <u>Smith v. Commonwealth</u>, 10 Va. App. 592, 594, 394 S.E.2d 30, 31 (1990) ("The <u>overt acts</u> were the same . . . .") (emphasis added); <u>Willis</u>

v. Commonwealth, 10 Va. App. 430, 438, 393 S.E.2d 405, 409 (1990) ("[T]he amendment did not change the nature or character of the acts which the indictment alleged . . . [were] committed. The amendment clarified . . . those same acts . . . .") (emphasis added); cf. Farewell v. Commonwealth, 167 Va. 475, 478-79, 189 S.E. 321, 323 (1937) (emphasizing that the essential element of bigamy is the "overt act" of entering into a second marriage) (emphasis added).

The amendment to the indictment changed the overt act that Atorick was accused of committing. In the original indictment, Atorick was accused of touching the child. In the amended indictment, Atorick was accused of forcing the child to touch him. Because the amendment changed the act Atorick was accused of committing, I would hold that the amendment changed the nature of the offense.

"It [is] the province of the grand jury to ascertain from the evidence" the appropriate crime to charge in an indictment. Evans v. Commonwealth, 183 Va. 775, 780, 33 S.E.2d 636, 638 (1945). "While [it is] . . . settled . . . that . . . defective indictments may be amended, not once has it been said that the trial [judge] has the power to change by amendment the character of an offense as found by the grand jury." Id. at 781, 33 S.E.2d at 638-39.

I dissent.