COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Bumgardner and Kelsey
Argued at Alexandria, Virginia


HECTOR CRUZ ESQUIBELE, A/K/A
 HECTOR ENRIQUE-CASTRO
                                                    MEMORANDUM OPINION[*] BY
v.          Record No. 2500-03-4            JUDGE RUDOLPH BUMGARDNER, III
                                                        NOVEMBER 30, 2004
COMMONWEALTH OF VIRGINIA


                 FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                              Thomas A. Fortkort, Judge Designate

                 Heidi Meinzer, Senior Assistant Public Defender (Office of the
                 Public Defender, on brief), for appellant.

                 Kathleen B. Martin, Assistant Attorney General (Jerry W. Kilgore,
                 Attorney General, on brief), for appellee.


       Hector Cruz Esquibele appeals his conviction of breaking and entering with intent to

commit destruction of property, Code § 18.2-92.[1]  He maintains the trial court erred by amending

the indictment.  Finding no error, we affirm.

       The indictment initially charged breaking and entering "with the intent to commit

destruction of property."  Two days before trial, the trial court permitted the Commonwealth to

add the phrase "or indecent exposure."  As amended the indictment charged breaking and

entering "with the intent to commit destruction of property or indecent exposure," in violation of

---

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

       [1] "If any person break and enter a dwelling house while said dwelling is occupied, either
in the day or nighttime, with the intent to commit any misdemeanor except assault and battery or
trespass, he shall be guilty of a Class 6 felony."  Code § 18.2-92.

Code § 18.2-92. After a bench trial, the trial court convicted the defendant of breaking and entering with the intent to commit destruction of property.

The purpose of an indictment is to give the defendant notice of the nature and character of the charged offense so he can make his defense. Code § 19.2-220; Commonwealth v. Dalton, 259 Va. 249, 253, 524 S.E.2d 860, 862 (2000). Code § 19.2-231 permits amendment of an indictment for any defect in form or for any variance between the allegations and proof "at any time before . . . the court finds the accused guilty or not guilty, provided the amendment does not change the nature or character of the offense charged." The statute is to be liberally construed. Cantwell v. Commonwealth, 2 Va. App. 606, 608, 347 S.E.2d 523, 524 (1986).

Code § 18.2-92 proscribes breaking and entering the dwelling of another "with the intent to commit any misdemeanor except assault and battery or trespass."[2] The intention to commit any of a vast array of misdemeanors will suffice as the mental element of the crime. The amendment permitted the Commonwealth to satisfy its burden of proof with either of two specific alternatives. "[T]he Commonwealth is free to charge the commission of a single offense in several different ways in order to meet the contingencies of proof." Buchanan v. Commonwealth, 238 Va. 389, 397, 384 S.E.2d 757, 762 (1989).

In Sullivan v. Commonwealth, 157 Va. 867, 161 S.E. 297 (1931), the trial court properly amended an indictment of breaking and entering with the intent to maim to breaking and entering with the intent to murder. The Court held, "The intent with which the particular crime is committed does not change its general nature or character, because whichever intent is shown, the crime is of the same nature -- that is, a felony of the specific class denounced by the statute." Id. at 876, 161 S.E. at 300.

_____

[2] Code § 18.2-91 proscribes breaking and entering with intent to commit an assault and battery.

In <u>Smith v. Commonwealth</u>, 10 Va. App. 592, 394 S.E.2d 30 (1990), the defendant was indicted for breaking and entering with intent to commit murder, but he was convicted of breaking and entering with intent to commit unlawful wounding.  This Court affirmed the conviction and stated, "The overt acts were the same as charged:  breaking and entering.  Only the intent differed."  <u>Id.</u> at 594, 394 S.E.2d at 31.

This case also involved a breaking and entering charge.  The modification of the original indictment did not change the general nature or character of the crime charged.  Only the intent changed.  "As amended the indictment still charged a [misdemeanor] of the same general nature or class."  <u>Sullivan</u>, 157 Va. at 878, 161 S.E. at 300.  <u>Compare</u> <u>Thomas v. Commonwealth</u>, 256 Va. 38, 42, 501 S.E.2d 391, 393 (1998) (amended indictment charged same code section and same action in substantiation of offense), <u>with</u> <u>Powell v. Commonwealth</u>, 261 Va. 512, 534, 552 S.E.2d 344, 356 (2001) (impermissible to expand "indictment to include a new and additional charge").

We note the amendment did not surprise the defendant because the original indictment included a count that charged indecent exposure.  It did not prejudice him because the trial court continued the case after making the amendment.  Finally, the trial court convicted the defendant of the charge as originally stated.  Accordingly, we affirm.

<u>Affirmed.</u>

Benton, J., concurring.

As I understand Sullivan v. Commonwealth, 157 Va. 867, 161 S.E. 297 (1931), the original burglary indictment charged an intent to commit an assault upon an occupant and also charged an intent to maim, disfigure, disable and kill that same occupant. Id. at 870, 161 S.E. at 297. Upon the motion of Sullivan's attorney, the trial judge required the prosecutor to elect the statute under which Sullivan would be tried. The prosecutor elected a statute which proscribed burglary committed "with intent to commit murder, rape, or robbery." Id. at 875, 161 S.E. at 299. On these facts, the Supreme Court indicated that, upon the motion of and with the acquiescence of the accused, the burglary indictment "was, in its effect" amended prior to trial. Id.

The Supreme Court did indicate in Sullivan that if "[t]he overt acts constituting the crime are the same -- that is, the breaking and entering," then "[t]he intent with which the particular crime is committed does not change its general nature or character, because whatever intent is shown, the crime is of the same nature -- that is, a felony of the specific class denounced by the statute." 157 Va. at 876, 161 S.E. at 300. As I read the opinion, however, the Court affirmed the ruling of the trial judge under two alternate theories. First, it held that Sullivan could not "invite error and then take advantage of his own wrong." Id. at 878, 161 S.E. at 300. Then, adopting "another view of the case," the Court held that the error was harmless because the jury fixed the punishment within the limits prescribed by both statutes. Id. at 878-79, 161 S.E. at 300. Thus, the Court's earlier indication that the description of the overt act, not the intent, is dispositive of the nature and character of an offense is certainly dictum. In deciding Smith v. Commonwealth, 10 Va. App. 592, 394 S.E.2d 30 (1990), we relied upon this dictum as the sole basis for our ruling. Smith characterizes the dictum as the Supreme Court's holding and makes no

- 4 -

independent analysis of the legal principle at issue. Thus, I believe that neither <u>Sullivan</u> nor <u>Smith</u> provides the proper rule of decision to apply in this case.

I would affirm the judgment, however, because the error in this case was harmless. Pretrial, the trial judge amended the indictment on the prosecutor's motion. Rather than proceeding under the grand jury's indictment of breaking and entering with the intent to commit destruction of property, the trial judge amended the indictment to charge breaking and entering with the intent to commit destruction of property *or* indecent exposure. At the conclusion of the trial, however, the trial judge convicted Cruz Esquibele only of the charge contained in the original indictment.

An error is harmless when a "'reviewing court, can conclude, without usurping the jury's [or judge's] fact finding function, that, had the error not occurred, the verdict would have been the same.'" <u>Davies v. Commonwealth</u>, 15 Va. App. 350, 353, 423 S.E.2d 839, 840-41 (1992). The record does not indicate that Cruz Esquibele suffered any prejudice as a result of the amendment to the indictment. By not convicting Cruz Esquibele of the charge that was added to the indictment by amendment, the trial judge left him in the same position as if he had been tried and convicted on the original indictment.

Accordingly, I concur in the judgment affirming the conviction.