COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judge Elder and Senior Judge Bumgardner
Argued at Alexandria, Virginia

DAVID RAY GAY

v. Record No. 0859-10-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE RUDOLPH BUMGARDNER, III
APRIL 19, 2011

FROM THE CIRCUIT COURT OF THE CITY OF WINCHESTER
John E. Wetsel, Jr., Judge

Carter B. Foulds, Deputy Public Defender (Kathleen M. Griffin, Sr. Assistant Public Defender; Margarita Wood, Assistant Public Defender, on brief), for appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General (Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.

David Ray Gay appeals his convictions after a jury trial of attempted rape, Code § 18.2-61, abduction with intent to defile, Code § 18.2-48, and misdemeanor assault and battery, Code § 18.2-57. He maintains that the trial court erred by denying two motions for a continuance and in finding the evidence sufficient to sustain the verdicts. We conclude the trial court properly exercised its discretion in denying the continuances and the evidence was sufficient to convict. Accordingly, we affirm.

Police arrested the defendant on May 4, 2009, and charged him with committing physical and sexual assaults on May 2, 2009. The Public Defender represented him at all times from the date of his arrest. The trial court scheduled a jury trial for October 23, 2009, but on October 9, 2009, on motion of the defendant, it continued the trial until January 12, 2010.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The day before trial, the Public Defender moved to withdraw from the case because the defendant wanted to retain private counsel. The defendant had not retained an attorney, no attorney had agreed to appear for trial, nor had any attorney agreed to represent him. Three different attorneys had quoted a minimum fee of $5,000.

The defendant had been working since his release from jail October 14, 2009, but had not been able to accumulate enough money to retain counsel. He needed about two more months to raise sufficient funds to retain counsel because he was still paying the premium on his surety bond.

The trial judge found it speculative to believe the defendant would be able to retain counsel. "If you never get the money or you don't have enough to pay them and they don't agree to take the case then we may in two months be right where we are now." The judge denied a continuance.

The Commonwealth's attorney then moved to amend two of the indictments. It sought to reduce aggravated malicious wounding to malicious wounding and forcible sodomy to attempted forcible sodomy. The defendant moved for a continuance because of the amendments. Though the defense attorney conceded that the amendments charged lesser-included offenses that did not require much preparation, she wanted additional time to explain to the defendant the meaning of the amendments.

The defense attorney also noted that the Commonwealth had just given her photographs taken shortly after the crime that showed an abrasion on the defendant's forehead. The Commonwealth explained to her it found the photos over the previous weekend and immediately provided them to the defense. The defendant's attorney acknowledged there were no new witnesses, and avowed she "could competently" try the case, but she was not certain she "could effectively do it."

The trial court noted that "it is midday the day before [trial] and this is not the first time you have seen [the defendant], the witnesses are all subpoenaed, everyone appears ready to go" and that the victim had testified at the preliminary hearing. The defendant was aware of the evidence against him, and counsel had the rest of the day before trial to discuss matters with the defendant. Finding no basis to continue the trial date, the trial court denied the motion. The defendant maintains the trial court erred because it denied a continuance to allow him to retain counsel and because the Commonwealth amended the charges on the day before trial and produced additional evidence.

"A trial judge's decision to deny a continuance will not be reversed on appeal unless there was a clear abuse of discretion and prejudice to the defendant." Feigley v. Commonwealth, 16 Va. App. 717, 721, 432 S.E.2d 520, 523 (1993). A trial court has broad discretion in determining whether a defendant should be granted a continuance shortly before the day scheduled for trial so he can obtain new counsel. Id. The right to counsel of his own choosing "is a qualified right which is limited by a 'countervailing state interest . . . in proceeding with prosecutions on an orderly and expeditious basis.'" Bolden v. Commonwealth, 11 Va. App. 187, 190, 397 S.E.2d 534, 536 (1990) (quoting Thacker v. Slayton, 375 F. Supp. 1332, 1335 (E.D. Va. 1974)). "'In order to justify a continuance by the last minute change of counsel, exceptional circumstances must exist.'" Johnson v. Commonwealth, 51 Va. App. 369, 374, 657 S.E.2d 812, 814 (2008) (quoting Feigley, 16 Va. App. at 721, 432 S.E.2d at 523).

The defendant did not provide a sufficient reason for continuing the trial, nor did he show that he would be prejudiced by the denial. Despite the desire to retain another attorney, it was speculative to think that the defendant could and would be able to do so. The Public Defender indicated she could competently try the case. The trial court did not abuse its discretion in finding the request speculative and denying the continuance for that reason.

Although the defendant claims he generally suffered prejudice based on the two charges being reduced and the late disclosure of the photo of him, he has failed to specify how he was prejudiced at trial by these actions. The defendant obtained the photos in time to prepare for trial and actually used them to support his defense. Of the two amended charges, the trial judge struck the charge of the attempted forcible sodomy, and the jury only convicted the defendant of assault and battery on the charge of malicious wounding. We can find no indication in the record that he was prejudiced. Accordingly, the trial court did not abuse its discretion in denying a continuance on that basis.

The next day during arraignment, the Commonwealth's attorney realized that the indictment for abduction only charged simple abduction, a Class 5 felony, although he had intended to charge abduction with intent to defile, a Class 2 felony. He moved to amend the indictment. The defendant argued that the indictment created a "technical prejudice" and that he was entitled to a continuance due to the increased punishment between the two felonies.

In addition to malicious wounding and simple abduction, the grand jury charged the defendant with attempted rape, Code § 18.2-67.5, forcible sodomy, Code § 18.2-67.1, and object sexual penetration, Code § 18.2-67.2. The trial judge noted that it was clear the abduction was not a simple abduction but one with the intent to defile because of the nature of the three sex-related criminal charges that were always part of the prosecution. The judge overruled the defendant's objection to the amended indictment and denied his request for a continuance finding the amendment caused no surprise to the defense.[1]

---

[1] Code § 19.2-231 provides:

> If there be any defect in form in any indictment, presentment or information, or if there shall appear to be any variance between the allegations therein and the evidence offered in proof thereof, the court may permit amendment of such indictment, presentment or information, at any time before the jury

The defendant maintains amending the charge to a Class 2 felony with the enhanced maximum penalty of life in the penitentiary changed the nature and character of the offense charged. This argument has been resolved. Sullivan v. Commonwealth, 157 Va. 867, 161 S.E. 297 (1931), held:

> [T]he bare fact that the amendment so allowed charged a different intent, though based on the same overt acts, *i.e.*, breaking, entering and shooting, which intent, while if proved would enhance the punishment, nevertheless did not, within the meaning of the statute, change the nature of the offense charged in the original indictment. As amended the indictment still charged a felony of the same general nature or class.

Id. at 878, 161 S.E. at 300. More recently, Smith v. Commonwealth, 10 Va. App. 592, 394 S.E.2d 30 (1990), and Willis v. Commonwealth, 10 Va. App. 430, 393 S.E.2d 405 (1990), applied this precedent.

The defendant was only entitled to a continuance if he was surprised by the amendment because the amendment did not change the nature or character of the offense charged. Absent a finding of surprise, the trial court was not required to grant a continuance. Crawford v. Commonwealth, 23 Va. App. 661, 667, 479 S.E.2d 84, 87 (1996) (*en banc*). The trial court did not find that the amendment caused surprise.

In this case, all of the crimes charged took place at the same time and place, and involved related, sexual conduct against the victim. The defendant maintains that surprise was evident from the amendment. However, the evidence the defendant needed to defend against the charges

---

> returns a verdict or the court finds the accused guilty or not guilty, provided the amendment does not change the nature or character of the offense charged. After any such amendment the accused shall be arraigned on the indictment, presentment or information as amended, and shall be allowed to plead anew thereto, if he so desires, and the trial shall proceed as if no amendment had been made; but if the court finds that such amendment operates as a surprise to the accused, he shall be entitled, upon request, to a continuance of the case for a reasonable time.

would not have changed because of the amendment to the abduction charge. The defendant failed to show that the amendment to the indictment operated as a surprise or that the denial of a continuance caused prejudice. Accordingly, the trial court did not err in denying a continuance on this basis.

Finally, the defendant maintains the trial court erred in denying his motion to strike the charges of attempted rape and of abduction with intent to defile and in finding the evidence was sufficient to sustain his convictions. He maintains the testimony of the victim was inherently incredible and incapable of supporting a verdict of guilty beyond a reasonable doubt.

When considering the sufficiency of the evidence on appeal in a criminal case, this Court views the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). On review, this Court does not substitute its own judgment for that of the trier of fact. See Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992). The judgment will not be set aside unless it is plainly wrong or without supporting evidence. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

The victim testified that she first saw the defendant at a bar where she was socializing with her friend Jackie Blank and some other people. Around midnight, a group of people left the bar and went to Blank's home. The victim went into the basement apartment to get some music CDs when the defendant closed the door, appeared to lock it, and ordered her to remove her clothes. The victim tried to open the door and leave, but the defendant hit and choked her, threatened to remove her clothes, and threw her onto a bed. She testified:

> I was trying to fight as hard as I could ever fight in my life. I was kicking and, I mean, kicking and punching and just trying to get this person off. But there comes a point where when someone is choking you and hitting you that you can't, you become weak. And I remember being weak and I, and I remember feeling like this person was physically trying to kill me.

The defendant continued to try to remove the victim's pants and underwear and touch her, and the victim continued to struggle and fend off his attacks. The defendant held the victim down, partially removed her pants, and exposed his penis. He pulled out a knife and repeatedly threatened to kill the victim. At one point, the victim managed to run up the steps, but the defendant caught her and dragged her back. The victim eventually escaped from the basement. She suffered multiple injuries, including bruises, a bloody lip, and several cuts and scrapes.

Officer Lisa Hyde responded to the scene, spoke with the victim, and took her to the hospital. The victim related details of the attack including her attempts to escape from the defendant. The officer saw bruises and injuries to the victim's hands, neck, fingers, and legs. Medical personnel also described the cuts, bruises, and other injuries suffered by the victim.

Jackie Blank testified that she left the victim and the defendant in the basement and went to get cigarettes. She returned about fifteen minutes later and saw the defendant standing near a doorway in the basement. The bedroom area was in disarray, and blood was on the floor, the bed, and the rug. The victim described how the defendant choked her, sexually assaulted her, and threatened to kill her. The defendant fled from the house when Blank called the police. Later, Blank recovered a pair of underwear from the basement that was not there earlier. The defendant's semen and blood were on the underwear.

The defendant testified that the victim punched him in his face and hit him with a bottle when she became angry at a comment he made when she asked him for more cocaine. The victim then spit on him, at which time he "choked her out" to get her to leave him alone. The defendant denied striking the victim, attempting any sexual acts, or leaving his underwear in the basement. He admitted to five felony convictions.

The jury believed the victim's version of what happened and the Commonwealth's evidence; it rejected the defendant's version of those events. "The credibility of the witnesses

and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). The jury was permitted to consider the defendant's prior felony convictions in assessing his credibility. See Code § 19.2-269.

The Commonwealth's evidence was competent, not inherently incredible, and sufficient to prove beyond a reasonable doubt attempted rape and abduction with intent to defile. Accordingly, we affirm those convictions.

Affirmed.