# Richmond

## LEONARD LEE EVANS V. COMMONWEALTH OF VIRGINIA.

April 23, 1945.

Record No. 2929.

Present, All the Justices.

The opinion states the case.

*M. W. Vicars* and *H. J. Kiser,* for the plaintiff in error.

*Abram P. Staples, Attorney General,* and *V. P. Randolph, Jr., Assistant Attorney General,* for the Commonwealth.

CAMPBELL, C. J., delivered the opinion of the court.

The accused, Leonard Lee Evans, was arraigned in the Circuit Court of Wise county upon this indictment:

"The Grand Jurors of the Commonwealth of Virginia, in and for the body of said County of Wise and now attending said court at its January term, in the year 1944, upon their oaths, do present that Leonard Lee Evans on the .... day of .........., 1943, within one year next prior to the finding of this indictment, in said county of Wise, did unlawfully and feloniously, under promise of marriage, seduce and have carnal illicit knowledge of one Delsie Galloway, a female of previous chaste character, against the peace and dignity of the Commonwealth of Virginia."

Before pleading, the accused moved the court to quash the indictment on the ground that the indictment did not allege, as required by section 4410 of the Code, that Delsie Galloway was an "unmarried" female. The motion to quash was overruled by the court and thereupon the attorney for the Commonwealth moved the court to permit an amendment to the indictment by inserting after the words "Delsie Galloway" and before the word "female"

the words "an unmarried." This motion was granted and accused duly objected and excepted to the ruling of the trial court. Upon a plea of not guilty, the trial was entered into and, due to the inability of the jury to agree, resulted in a mistrial.

At the April, 1944, term of the court, the motion to quash the indictment was renewed, the motion was overruled and exception was duly taken by the accused. Thereupon, trial was entered into, which resulted in a verdict of guilty and the punishment of accused was fixed at two years in the penitentiary. The motion to set aside the verdict was overruled and judgment was accordingly pronounced.

Section 4410 of the Code reads, *inter alia*: "If any person, under the promise of marriage, conditional or unconditional, seduce and have illicit connection with any unmarried female of previous chaste character, or if any married man seduce and have illicit connection with any unmarried female of previous chaste character, he shall be guilty of a felony, and, upon conviction thereof, shall be punished by confinement in the penitentiary not less than two, nor more than ten years."

At common law the crime of seduction was unknown.

In *Anderson* v. *Commonwealth* (1826), 5 Rand. (26 Va.) 627, 16 Am. Dec. 776, it was held that the offenses of adultery, fornication and the like could not be punished as common-law offenses, unless accompanied with other circumstances, such as: the public commission of the act or a conspiracy. In a note appended to that decision, Brockenbrough, J., had this to say: "There is no statute, either in England or in Virginia against the offense of seduction, except those which relate also to abduction, and these only apply where the female is under sixteen years of age"

Thus the law was in Virginia until the Acts of 1877-8; page 283, when the General Assembly enacted the statute which was carried into the Code of 1887 as section 3677, and which is in all respects the same as section 4410 of Michie's Code, *supra*.

Section 4866 of the Code provides that " * * * * No per-

son shall be put upon trial for any felony, unless an indictment shall have been found by a grand jury in a court of competent jurisdiction."

In Minor's Synopsis of the Law of Crimes and Punishments, the constituents essential to the validity of the indictment are thus set forth: "All the constituents of the offense, whether common law or statutory, must be set forth with precision. Hence it is safe to set forth a statutory offense in the *very words of the statute*, and in no case can argument or inference supply the total want of averment of an *essential* part of the offense, although the use of synonymous words will suffice." Citing authorities.

■ Since seduction is a statutory offense, it is imperative that the indictment follow the language of the statute.

In *Mills* v. *Commonwealth*, 93 Va. 815, 818, 22 S. E. 863, Keith, P., in construing the statute, used this language: "To constitute the crime of which the defendant has been found guilty, it is necessary to show, first, the seduction, secondly, the promise of marriage, and thirdly, the previous chaste character of the female seduced."

■ A woman who has been married and divorced is not an "unmarried female" within the intendment of section 4410 of Michie's Code, 1942. *Jennings* v. *Commonwealth*, 109 Va. 821, 63 S. E. 1080.

■ This doctrine was reaffirmed in *Judd* v. *Commonwealth*, 146 Va. 267, 272, 135 S. E. 710. Judge Burks, speaking for the court, said: "In order to warrant a conviction under section 4410 of the Code, there must be (1) a promise of marriage, conditional or unconditional, (2) the seduction of an unmarried female, (3) illicit connection with such female, and (4) the female must be of previous chaste character."

■ Since all four constituents of the crime of seduction must be proven before an accused is found guilty, it follows as a corollary that all four constituents must be alleged in the indictment upon which the accused is put to trial.

In the brief of the Attorney General, this is said: "It may very well be that the indictment was defective before the

amendment but the only claim made on the indictment before or after the amendment was that the defendant was guilty of a sex offense, that of seduction."

This is a misconception of the contention of the accused. Throughout the case, from arraignment to sentence, it has been the contention of the accused that the indictment found by the grand jury "charged nothing but fornication or adultery, with some surplusage about promise of marriage, etc."

To support the contention that the indictment was amendable by the court, reliance is placed upon our decisions in *Sullivan* v. *Commonwealth*, 157 Va. 867, 161 S. E. 297; *Farewell* v. *Commonwealth*, 167 Va. 475, 189 S. E. 321, and *Guynn* v. *Commonwealth*, 163 Va. 1042, 177 S. E. 227, construing section 4877 of the Code. The pertinent part of the statute is as follows: "At any time before the defendant pleads a *defective* indictment for treason or felony may be amended by the court before which the trial is had *that does not change the character of the offense charged.* (Italics added.)

In *Sullivan's Case, supra,* we said: "The manifest purpose of this statute is to allow amendments which avoid unnecessary delays and further the ends of justice, without prejudice to *the substantial right of the accused* to be informed of the accusation, and to one fair trial on the merits." (Italics added.)

An analysis of that case plainly shows that the indictment was amended by consent, in order to permit the accused to move for an election by the Commonwealth as to the offense upon which he should go to trial. The amendment permitted did not in any way change "the character of the offense charged."

In the *Farewell Case, supra,* the accused was tried upon an indictment charging him with the crime of bigamy. The indictment fully charged the accused with the crime of bigamy but failed to state where the second unlawful marriage took place. Upon motion of the attorney for the Commonwealth, the trial court allowed the indictment to be

amended so as to state the county wherein the second marriage took place, to-wit: Tazewell county. In that case, Mr. Justice Spratley said:

"It seems clear to us that the very purpose of section 4877 is to permit the court to amend defective indictments, including such indictments as would be fatally defective if objected to at the proper time and an amendment not made. Since the amendments are required to be made before the defendant pleads, it is a recognition that the failure to make the amendment, after proper objection, may be fatal to the Commonwealth for proceeding to trial upon a defective indictment.

"It is conclusive, therefore, that indictments containing defects which may be fatal and not merely trivial may be amended provided the amendment does not change the character of the offense. The legislative intent is clearly to empower the courts to make amendments when the defects are much greater than those listed as inconsequential in Code, section 4875."

It is to be observed that the amendment allowed only involved a defect in the indictment and had no reference whatever to its vaidity, and thus did not change "the character of the offense."

In the *Guynn Case, supra,* the indictment failed to conclude "against the peace and dignity of the Commonwealth," as required by the Constitution. The failure of the indictment to conform to the mandate of the Constitution, while fatally defective in form, had no relevancy whatever to the crime charged, and hence, the amendment did not "change the character of the offense charged," to-wit, homicide.

The contention of the accused that the indictment found by the grand jury merely charged the accused with a misdemeanor is well founded. It was the province of the grand jury to ascertain from the evidence adduced whether or not the prosecutrix was unmarried. The only possible knowledge the trial court possessed was acquired through the motion of the attorney for the Commonwealth to amend the indictment.

There is a marked difference between a defective felony indictment which is capable of amendment and an invalid felony indictment which is fatal to the right of the Commonwealth to base a prosecution thereon. While we have settled the question that under the provisions of section 4877 of the Code, defective indictments may be amended, not once has it been said that the trial court has the power to change by amendment the character of an offense as found by the grand jury.

For the reasons stated, the motion of the accused to quash the indictment should have been sustained.

The judgment must be reversed and the case remanded to the circuit court.

*Reversed.*