**Richmond**

WALL DISTRIBUTORS, INC.

V.

CITY OF NEWPORT NEWS

Record No. 830605.

November 30, 1984.

Present: All the Justices.

*Bradley Jay Reich (Colo.) (Frederic L. Moschel; Arthur M. Schwartz (Colo.); Cumming and Patrick,* on brief), for appellant.

*Kris J. Sundberg, Assistant City Attorney (Robert V. Beale, City Attorney; William C. Johnson, Assistant City Attorney,* on brief), for appellee.

COCHRAN, J., delivered the opinion of the Court.

The sole question presented in this appeal from 25 convictions under indictments charging violations of the Newport News obscenity ordinance is whether the indictments were fatally defective in that they failed to allege scienter.

Wall Distributors, Inc. (Wall), trading as the "Book Boutique," was charged with violating Section 27-3(a)(4) of the Newport News City Code which provides in pertinent part as follows:

It shall be unlawful for any person to knowingly: . . . [h]ave in such person's possession, with intent to sell, rent, lend, transport or distribute any obscene item.

On September 13, 1982, a grand jury returned a true bill on 25 indictments against Wall. Each indictment charged that Wall "unlawfully had in its possession with intent to sell, lend, transport or distribute, an obscene magazine," the name of which was stated in the indictment, in violation of Section 27-3(a)(4) of the Newport News City Code. At trial, Wall moved to dismiss the indictments for failure to allege knowledge or scienter, an essential element of the crimes charged. The court overruled Wall's motion and the trial proceeded on the indictments. The jury was instructed that to find Wall guilty it must find beyond a reasonable doubt that Wall knew or should have known the contents of each magazine were obscene. The jury found Wall guilty and fixed its punishment at a fine of $400 for each offense; the trial court entered a judgment on the verdicts. On appeal, Wall contends that the court erred in overruling its motion to dismiss the indictments.

It has long been established that no statute regulating the distribution of obscene materials can withstand constitutional scrutiny absent a scienter requirement. *Smith* v. *California,* 361 U.S. 147, 152-54 (1959). This requirement is not satisfied unless the accused acted with knowledge of the content and character of the materials distributed. *Hamling* v. *United States,* 418 U.S. 87, 123 (1974).

Both the Virginia statute and the Newport News ordinance comply with the constitutional mandate. Code § 18.2-374(4) makes it unlawful for any person "knowingly" to "[h]ave in his possession with intent to sell . . . any obscene item." Code § 18.2-389 authorizes local governing bodies to adopt ordinances "paralleling" the state obscenity statutes. Section 27-3(a)(4) of the Newport News City Code, which tracks the language of Code § 18.2-374(4), specifically applies only to persons who knowingly violate its terms. Thus, the ordinance expressly includes a scienter element in a Section 27-3(a)(4) violation. *See Price* v. *Commonwealth,* 213 Va. 113, 189 S.E.2d 324 (1972) (knowledge is an essential element of the crime defined by former Code § 18.1-230, now § 18.2-375), *vacated and remanded,* 413 U.S. 912, *reh'g de-*

*nied,* 414 U.S. 881 (1973), *aff'd on rehearing,* 214 Va. 490, 201 S.E.2d 798 (1974).

■ We have held in the past that all essential elements of an offense must be precisely stated in the indictment; inference may not supply an essential element that is lacking. *Evans* v. *Commonwealth,* 183 Va. 775, 33 S.E.2d 636 (1945); *see United States* v. *Debrow,* 346 U.S. 374, 376 (1953). In *Livingston* v. *Commonwealth,* 184 Va. 830, 36 S.E.2d 561 (1946), we held that in charging a statutory offense it is unnecessary to charge guilty knowledge unless scienter is part of the statutory definition of the offense. *Id.* at 840, 36 S.E.2d at 566. We also held that the statement charging a statutory offense need not follow the identical words of the statute. *Id.* at 839, 36 S.E.2d at 566.

■ The contents of an indictment are now prescribed by Code § 19.2-220 which requires that an indictment be a "plain, concise and definite written statement . . . describing the offense charged." This statute further provides that the indictment may describe the offense by using its common-law name or by stating so much of the common-law or statutory definition of the offense as is sufficient to "advise what offense is charged." Rule 3A:7(a) (renumbered and amended as Rule 3A:6(a), effective July 1, 1984) requires the indictment to cite "the statute or ordinance that defines the offense or, if there is no defining statute or ordinance, prescribes the punishment for the offense." Significantly, the rule further provides that error in the citation of the statute or ordinance or omission of the citation shall not be ground for dismissal of the indictment unless the court finds that the accused was thereby prejudiced in preparing his defense. The inference to be drawn from this provision is clear — incorporation by reference of a statute or ordinance is contemplated.

■ Relying upon *Wilder* v. *Commonwealth,* 217 Va. 145, 225 S.E.2d 411 (1976), Wall contends that the 25 indictments charged no offense and were void. In *Wilder,* the indictment charged the defendant with "possession" of stolen credit cards and cited three statutes defining credit card theft. We held that the indictment failed to state an offense, was invalid, and, being void, could not be amended.

*Wilder,* however, is distinguishable from the present case. In *Wilder,* it was apparent that the Commonwealth intended to charge the defendant under a specific subsection of one of the statutes cited in the indictment. Examining that subsection, we

ascertained that "possession" of stolen credit cards was not an offense within the meaning of the statutory language. "Possession," which was a word not found in the statute, was not synonymous with "taking," "obtaining," "withholding," or "receiving," as those words were used in the subsection. *Id.* at 147, 225 S.E.2d at 413. We also held that the references to the statutes failed to save the invalid indictment, as such references "support, but do not replace" the definite written statement required by Code § 19.2-220 and Rule 3A:7(a) in the body of the indictment. *Id.* at 148, 225 S.E.2d at 413. Examination of the statutes cited in the *Wilder* indictment revealed that the statutes proscribed criminal conduct different in kind from that charged in the indictment. Examination of the ordinance cited in the 25 indictments now before us reveals that the ordinance proscribes criminal conduct of the kind charged in the indictments.

In the present case, the indictments charged Wall with possession with intent to sell obscene magazines in violation of the local ordinance. Following the procedure used in *Wilder,* we examine the ordinance and find that "knowingly" possessing with intent to sell an obscene item is the specified offense. There can be no misunderstanding as to what the indictments charged. Supported by the reference to the ordinance, the indictments satisfied the requirement of a definite written statement. The words of the indictments "had in its possession . . . In violation of" the ordinance necessarily meant "knowingly [had] in [its] possession . . . ," as the ordinance provided. Rule 3A:7(a) required that the indictments cite the ordinance that defines the offense. The citation required by Rule 3A:7(a) is not mere surplusage but is inextricably included as a definitive part of the indictments. One of the express purposes of Part Three A of the Rules is to promote "uniformity and simplicity in procedure" in criminal cases. Rule 3A:2. Rule 3A:7(a) is consistent with that purpose. The indictments in the present case complied with the rule. The written statements gave information as to what offense was being charged and incorporated by reference the complete definition contained in the ordinance.

In *Washington* v. *Commonwealth,* 216 Va. 185, 217 S.E.2d 815 (1975), the defendant was tried under an indictment charging him with felonious killing in violation of Code § 53-291 and subsection 53-291(1) (now § 18.2-31(c)). Defendant was a prison inmate; his victim was a guard. Appealing his conviction, defendant argued

that the indictment was void because it failed to allege that he was an inmate, that the victim was a guard, and that the killing was malicious or intentional. Although we held that defendant had waived his right to challenge the indictment, we nevertheless held that the indictment was valid under Rule 3A:7(a). We held that defendant "knew, from the invocation of the statute and its subsection, that the essential elements of the case against him were his status as a prison inmate and [the victim's] status as a prison employee." *Id.* at 192, 217 S.E.2d at 822. Thus, in that case, incorporation by reference of the essential elements of the crime was sufficient to satisfy the requirement of a definite written statement describing the offense. *See Howard* v. *Commonwealth,* 221 Va. 904, 906, 275 S.E.2d 602, 603 (1981).

Wall knew from the invocation of the Newport News ordinance that one of the essential elements of the case against it was knowledge. Although it would have been better practice, of course, to have used the word "knowingly" in the body of the indictments, we conclude that the failure to do so did not invalidate the indictments. Wall was sufficiently informed of the offense with which it was charged so that it could fairly prepare its defense. Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*