## Richmond

TIMOTHY L. REED

v.

COMMONWEALTH OF VIRGINIA

No. 1189-85

Decided February 17, 1987

COUNSEL

John W. Dozier, Jr., for appellant.

Thomas C. Daniel, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

BAKER, J.— A grand jury in the City of Richmond returned an indictment against Timothy L. Reed (appellant) which charged that he "did feloniously and unlawfully while a prisoner in the State Penitentiary of Virginia or while in the custody of an employee thereof, willfully break, cut or damage any building, furniture, fixture or fastening of such facility or any part thereof, rendering such facility less secure as a place of confinement. Va. Code § 53.1-203.2." The relevant portion of the code section referenced in the indictment reads as follows:

> It shall be unlawful for a prisoner in a a state, local or community correctional facility or in the custody of an employee thereof to . . . .

> 2. Willfully break, cut or damage any building, furniture, fixture or fastening of such facility or any part thereof *for the purpose of* escaping, aiding any other prisoner to escape therefrom or rendering such facility less secure as a place of confinement . . . .

> For violation of any of the provisions of this section, the prisoner shall be guilty of a Class 6 felony. (emphasis added).

Appellant was arraigned in the Circuit Court of the City of Richmond (trial court), waived trial by jury and was tried by the court. He was found guilty and sentenced to three years in the penitentiary. From that judgment he appeals to this court. The question of sufficiency of evidence is not before us, as the panel which granted this appeal limited the question to the error here assigned, to-wit: that the "trial court erred in permitting the Commonwealth to amend the indictment to include an allegation of

purpose or intent to render the penitentiary less secure as a place of confinement." We have examined the record in this case and we find that it does not disclose a motion to amend nor that the indictment was in fact amended as alleged by appellant.

At the conclusion of the Commonwealth's evidence appellant moved for dismissal of the charges on the ground that the phrase "for the purpose of" was not stated in the body of the indictment. After the trial court overruled his motion appellant rested without presenting any evidence on his behalf. He then renewed his motion to dismiss for the same reason previously stated, and was again overruled.

The indictment incorporated by reference the provisions of Code § 53.1-203(2). The inference to be drawn from the provisions of Code § 19.2-220 and Rule 3A:6(a) is clearly that incorporation by such reference is contemplated by the Rule. *Wall Distributors, Inc. v. City of Newport News*, 228 Va. 358, 362, 323 S.E.2d 75, 77 (1984). Rule 3A:6(a), in pertinent part, provides: "The indictment or information, in describing the offense charged, shall cite the statute or ordinance that defines the offense." By the citation of the statute in the indictment appellant was informed of the essential elements of the case against him. *See Washington v. Commonwealth*, 216 Va. 185, 192, 217 S.E.2d 815, 822 (1975). He suffered no prejudice by the omission in the body of the indictment of the words "for the purpose of."

Although it would have been better practice to have included the phrase "for the purpose of" in the body of the indictment, appellant was sufficiently informed of the offense with which he was charged and could fairly prepare his defense. *See Wall Distributors, Inc.*, 228 Va. at 364, 323 S.E.2d at 78. We conclude that the failure to use that phrase did not invalidate the indictment.

Accordingly, we affirm the judgment of the trial court.

*Affirmed.*

Benton, J., and Keenan, J., concurred.