COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Elder and Bumgardner
Argued at Richmond, Virginia


HERMAN WALTER MOORE, JR.,
 A/K/A "CAB," "CUBBY"
                                        OPINION BY
v.        Record No. 1419-97-2      JUDGE LARRY G. ELDER
                                       APRIL 21, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF HANOVER COUNTY
                 James M. Lumpkin, Judge Designate

            Andrea C. Long (Boone, Beale, Cosby & Long,
            on brief), for appellant.

            Kathleen B. Martin, Assistant Attorney
            General (Richard Cullen, Attorney General, on
            brief), for appellee.


     Herman Walter Moore, Jr. (appellant) appeals the sentence
imposed by the trial court following his convictions of
possession of marijuana with intent to distribute, possession of
cocaine with intent to distribute, and possession of cocaine
while simultaneously possessing a firearm.  He contends the trial
court erred when it (1) sentenced him for possession of cocaine
while simultaneously possessing a firearm based on the assumption
that he was convicted under Code § 18.2-308.4(B) rather than Code
§ 18.2-308.4(A) and (2) ordered that his sentences for the
firearm conviction and the cocaine conviction run consecutively.
 For the reasons that follow, we reverse in part, vacate in part,
and remand.

I.

FACTS

On January 21, 1997, a grand jury indicted appellant for possession of marijuana with intent to distribute (marijuana charge), possession of cocaine with intent to distribute (cocaine charge), and possession of cocaine while simultaneously possessing a firearm (firearm charge). The indictment for the firearm charge alleged that appellant

> did unlawfully and feloniously have in his possession or have under his control a certain drug, to-wit: Cocaine, a Schedule II controlled substance, and simultaneously with knowledge and intent did possess a firearm[] against the peace and dignity of the Commonwealth of Virginia. § 18.2-308.4

On March 11, 1997, appellant was tried by the trial court and convicted of all three charges. The trial court's order regarding the conviction of the firearm charge stated that appellant was found guilty of "unlawfully and feloniously [possessing] a certain drug, to-wit: Cocaine, a Schedule II controlled substance, and simultaneously with knowledge and intent did possess a firearm, in violation of Virginia Code § 18.2-308.4, as charged in [the] indictment . . . ." (Emphasis added). The trial court ordered the preparation of a presentence report and scheduled a hearing to sentence appellant on May 19, 1997.

A sentencing hearing was held on May 19. During the hearing, the Commonwealth introduced a "sentencing guidelines

- 2 -

recommendation" prepared by a probation officer. The sentencing judge, who was not the judge who presided over appellant's trial, stated that he "assume[d]" that appellant was convicted of violating Code § 18.2-308.4(B). A first violation of Code § 18.2-308.4(B) carries with it a mandatory, non-suspendable prison sentence of three years. When the probation officer stated that she had calculated appellant's sentence under the guidelines based on her impression that appellant was convicted of violating Code § 18.2-308.4(A), the sentencing judge ordered her to reapply the guidelines by assuming that the firearm conviction was under Code § 18.2-308.4(B). The application of the guidelines based on this change caused appellant's recommended sentence to increase from a range of "ten months to one year and eleven months" with a midpoint of one year and nine months to a range of "three years to three years" with a midpoint of three years. Over appellant's objection, the sentencing judge sentenced him to serve prison sentences of three years for the firearm conviction and ten years with eight years suspended for the cocaine conviction. Also over appellant's objection, the sentencing judge ordered the two sentences to run consecutively. The sentencing judge suspended the imposition of any sentence for the marijuana conviction.

## II.

### SENTENCE FOR THE FIREARM CONVICTION

Appellant contends the sentence imposed by the sentencing

judge for the firearm conviction was erroneous because the sentencing judge ordered the reapplication of the sentencing guidelines and sentenced appellant based on the faulty assumption that appellant was convicted under Code § 18.2-308.4(B).  We agree.

It is axiomatic that a convicted criminal defendant must be sentenced according to the range of punishments authorized for the crime of which he was convicted.  See Code § 19.2-295 (stating that the jury or trial court shall ascertain a convicted defendant's punishment "within the limits prescribed by law"); cf. Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989) (stating that "manifest injustice results when a person is sentenced for a crime other than that for which he was convicted").

Subsections (A) and (B) of Code § 18.2-308.4 constitute separate grades of a criminal offense, each of which carries its own distinct punishment.  Under Code § 18.2-308.4(A), it is unlawful to possess a firearm while simultaneously possessing a controlled substance "classified in Schedule I or II of the Drug Control Act."[1]  A violation of Code § 18.2-308.4(A) is punishable

---

[1]Code § 18.2-308.4(A) states:

> Any person unlawfully in possession of a controlled substance classified in Schedule I or II of the Drug Control Act (§ 54.1-3400 et seq.) of Title 54.1 who simultaneously with knowledge and intent possesses any firearm, shall be guilty of a Class 6 felony.

as a Class 6 felony.[2]  See Code § 18.2-308.4(A).  Subsection (A) does not mandate a particular term of incarceration or limit a sentencing court's discretion either to suspend the sentence it imposes or to order the sentence to run concurrently with jail time imposed for other offenses.  See Code § 18.2-308.4(A). Under Code § 18.2-308.4(B), it is unlawful to possess a firearm while simultaneously possessing with intent to distribute a controlled substance "classified in Schedule I or II of the Drug Control Act."[3]  A violation of subsection (B) is a "separate and

[2]A Class 6 felony is punishable by

> a term of imprisonment of not less than one
> year nor more than five years, or in the
> discretion of the jury, or the court trying
> the case without a jury, confinement in jail
> for not more than twelve months and a fine of
> not more than $2,500, either or both.

Code § 18.2-10(f).

[3]Code § 18.2-308.4(B) states:

> It shall be unlawful for any person to
> possess, use, or attempt to use any pistol,
> shotgun, rifle, or other firearm or display
> such weapon in a threatening manner while
> committing or attempting to commit the
> illegal manufacture, sale, distribution, or
> the possession with the intent to
> manufacture, sell, or distribute a controlled
> substance classified in Schedule I or
> Schedule II of the Drug Control Act
> (§ 54.1-3400 et seq.) of Title 54.1 or more
> than one pound of marijuana.  Violation of
> this subsection shall constitute a separate
> and distinct felony and any person convicted
> thereof shall be sentenced to a term of
> imprisonment of three years for a first
> conviction and for a term of five years for a
> second or subsequent conviction under this

- 5 -

distinct felony" that is punishable by a mandatory "term of imprisonment of three years for a first conviction and for a term of five years for a second or subsequent conviction."  Code § 18.2-308.4(B).  Significantly, the three-year prison sentence mandated by subsection (B) may <u>not</u> be suspended by a sentencing court and is <u>required</u> to run consecutively with the punishment received "for the commission of the primary felony."  Code § 18.2-308.4(B).  Thus, if appellant was charged with and convicted of violating Code § 18.2-308.4(A), then it was error for the sentencing judge to sentence him as if he were convicted of violating subsection (B).

We hold that the sentencing judge erred when he assumed appellant was convicted of violating Code § 18.2-308.4(B).  Instead, the language of the trial court's conviction order and the grand jury's indictment establishes that appellant was charged with and convicted of violating Code § 18.2-308.4(<u>A</u>).

Appellant could not have been convicted of violating Code § 18.2-308.4(B) because he was not charged with violating this subsection.  When considering on appeal whether an indictment

(..continued)
> subsection.  Notwithstanding any other provision of law, the sentence prescribed for a violation of this subsection shall not be suspended in whole or in part, nor shall anyone convicted hereunder be placed on probation or parole for this offense.  Such punishment shall be separate and apart from, and shall be made to run consecutive with, any punishment received for the commission of the primary felony.

- 6 -

charged a particular offense, we limit our scrutiny to the face of the document. When a statute, such as Code § 18.2-308.4, "contains more than one grade of an offense and each grade carries a different punishment[,] the indictment must contain an assertion of the facts essential to the punishment sought to be imposed." Hall v. Commonwealth, 8 Va. App. 350, 352, 381 S.E.2d 512, 513 (1989).

Based on our review of the face of indictment No. CR97-19-02 and the text of Code § 18.2-308.4, we conclude that the indictment only charged appellant of violating subsection (A) of that code section. The indictment neither makes direct reference to subsection (B) nor alleges all of the material facts necessary to constitute a violation of that subsection. Specifically, the indictment does not allege that appellant had "the intent to manufacture, sell, or distribute" the cocaine he possessed while simultaneously possessing a firearm. Code § 18.2-308.4(B). Moreover, the language of the indictment is nearly identical to the text of subsection (A). See Code § 18.2-308.4(A). Even if the grand jury intended to charge appellant with violating subsection (B), the language of the indictment was inadequate to provide appellant with notice of this charge.

The Commonwealth argues that because appellant was charged with possession of cocaine "with intent to distribute," that he should have known he was charged under Code § 18.2-308.4(B). However, this argument overlooks the principle that the charge

- 7 -

set forth in an indictment must be apparent from the <u>face</u> of the document.  None of the information that is essential to provide an accused with adequate notice of a particular charge can be added to an indictment by speculating, after the fact, about the possible intention of the writer of the instrument.  As this Court has stated in response to a similar argument, "[t]he defendant cannot be expected to have assumed that he was charged with the greater of the two offenses unless it was expressly charged in the indictment."  <u>Hall</u>, 8 Va. App. at 352, 381 S.E.2d at 513.  We cannot say without disregarding the express language of the indictment and resorting to inference or surmise that the indictment in question was intended to charge appellant of violating Code § 18.2-308.4(B).

Because the trial court stated that it found appellant guilty of violating Code § 18.2-308.4 "as charged in [the] indictment" and the indictment only charged appellant with violating Code § 18.2-308.4(A), the sentencing judge erred when he sentenced appellant based on a violation of Code § 18.2-308.4(<u>B</u>).  We cannot say this error was harmless because it is unclear from the record what the sentence would have been but for the trial judge's faulty assumption.

III.

CONSECUTIVE PRISON SENTENCES

Appellant also contends the sentencing judge erred when he ordered appellant's prison sentences for the firearm conviction

and the cocaine conviction to run consecutively.  We conclude that the sentencing judge's faulty assumption that appellant was convicted of violating Code § 18.2-308.4(B) necessitates that we vacate his decision to order consecutive sentences.

Generally, a sentencing court has discretion under Code § 19.2-308 to order multiple prison sentences to run concurrently.  See Wood v. Commonwealth, 12 Va. App. 1257, 1259, 408 S.E.2d 568, 569 (1991).  However, the sentencing court lacks this discretion when sentencing a defendant who stands convicted of violating Code § 18.2-308.4(B).  Code § 18.2-308.4(B) expressly requires that any prison term imposed for a violation of that subsection run consecutively with the prison sentence that is imposed for the primary felony.  Code § 18.2-308.4(A), on the other hand, does not limit the sentencing court's discretion in this way.  Because we cannot say the sentencing judge's assumption that appellant was convicted of violating Code § 18.2-308.4(B) did not affect his decision to order appellant's prison sentences to run consecutively rather than concurrently, the trial court shall reconsider this issue following its resentencing of appellant for the firearm conviction.

For the foregoing reasons, we reverse the sentence imposed upon appellant for his conviction of possession of cocaine while simultaneously possessing a firearm in violation of Code § 18.2-308.4(A) and vacate the sentencing judge's order requiring

appellant's prison sentences to run consecutively.[4]  We remand this case to the trial court for further proceedings consistent with this opinion.

<u>Reversed in part,</u>
<u>vacated in part,</u>
<u>and remanded</u>.

---

[4]Appellant did not challenge on appeal either the substance of the sentence imposed by the sentencing judge for the cocaine conviction or the sentencing judge's decision to suspend the imposition of a sentence for the marijuana conviction.  As such, these aspects of appellant's sentence are undisturbed by our decision today.