COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Senior Judge Coleman
Argued at Richmond, Virginia


ANTONIO ROBINSON

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1623-02-2          JUDGE ROSEMARIE ANNUNZIATA
                                         JUNE 3, 2003
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF SUSSEX COUNTY
                    Robert G. O'Hara, Jr., Judge

          Steven Brent Novey (Tomko & Novey, P.C., on
          brief), for appellant.

          Amy L. Marshall, Assistant Attorney General
          (Jerry W. Kilgore, Attorney General, on
          brief), for appellee.


     Antonio Robinson was convicted of aggravated malicious

wounding and use of a firearm while committing aggravated

malicious wounding.  On appeal, he asserts the convictions were

in error because he was indicted for malicious wounding rather

than aggravated malicious wounding.  Finding no error, we

affirm.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Facts

The material facts underlying this appeal are not in dispute. A grand jury indicted Robinson, charging that he violated Code § 18.2-51.2[1] and alleging as follows:

> The GRAND JURORS of the Commonwealth of Virginia, in and for the body of the County of Sussex, and now attending the Circuit Court of said County at its November 13, 2001 Term, upon their oaths present that ANTONIO ROBINSON on or about the 24th day of July 2001, in the County of Sussex, did feloniously and maliciously shoot or wound Ron Corey Tyler, with the intent to maim, disfigure, or kill, against the peace and dignity of the Commonwealth of Virginia.[2]

(Footnote added.)

Prior to his jury trial, Robinson filed a motion challenging the sufficiency of the indictment, alleging he could not be tried for aggravated malicious wounding because the indictment only charged malicious wounding; he argued that the indictment did not allege the required element of "permanent and significant physical impairment." He contends that the

---

[1] Code § 18.2-51.2 provides, in part:

> A. If any person maliciously shoots, stabs, cuts or wounds any other person, or by any means causes bodily injury, with the intent to maim, disfigure, disable or kill, he shall be guilty of a Class 2 felony if the victim is thereby severely injured and is caused to suffer permanent and significant physical impairment.

[2] He was also charged with one count of use of a firearm while committing aggravated malicious wounding, in violation of Code § 18.2-53.1.

-

Commonwealth cannot prosecute him for a higher grade crime than that for which the grand jury indicted him. He stated, however, that he was not "acknowledging surprise, [or] that [he] didn't know he was being charged with aggravated."

The Commonwealth responded that the indictment charged a violation of Code § 18.2-51.2, the aggravated malicious wounding statute, and argued the omission of a specific allegation of "permanent and significant physical impairment" was not fatal to the indictment. Notwithstanding the argument, the Commonwealth moved to have the indictment amended to add the omitted language, viz., "permanent and significant physical impairment." The trial court denied the motion to amend the indictment and denied Robinson's motion challenging the sufficiency of the indictment. The jury convicted Robinson of aggravated malicious wounding and use of a firearm while committing aggravated malicious wounding. We find no error and affirm the conviction.

### Analysis

Code § 19.2-220 provides that an indictment shall be a "plain, concise, and definite written statement . . . describing the offense charged." Rule 3A:6(a) requires the indictment to cite "the statute or ordinance that defines the offense or, if there is no defining statute or ordinance, prescribes the punishment for the offense." However, the omission in an indictment of language reciting a required element is not fatal.

-

See Wall Distributors, Inc. v. Newport News, 228 Va. 358, 362, 323 S.E.2d 75, 77 (1984).

In Wall Distributors, the defendant was indicted under a local obscenity ordinance. The indictments charged that the defendant possessed obscene magazines with the intent to sell, but did not allege that he did so knowingly. Id. at 360, 323 S.E.2d at 76. The defendant argued that the indictments were deficient because they failed to allege a required element, specifically, knowledge or scienter. The indictments, however, contained citations to the local obscenity ordinance. Id.

The Virginia Supreme Court held that the indictments were sufficient, finding that the statutory citation required by Rule 3A:6(a) "is not mere surplusage but is inextricably included as a definitive part of the indictment[]." Id. at 363, 323 S.E.2d at 78. "The inference to be drawn from this provision is clear -- incorporation by reference of a statute or ordinance is contemplated." Id. at 362, 323 S.E.2d at 77. Thus, the Court concluded there "could be no misunderstanding as to what the indictments charged," because the "written statement[] gave information as to what offense was being charged and incorporated by reference the complete definition contained in the ordinance." Id. at 363, 323 S.E.2d at 78.

The principles from Wall Distributors control the case at bar, and we find no error in the trial court's decision. The citation to Code § 18.2-51.2 in the indictment incorporated by

-

reference the complete definition of aggravated malicious wounding and supplemented the charging language of the indictment. Moreover, Robinson acknowledged that he was not prejudicially surprised that he was being prosecuted for aggravated malicious wounding. Compare George v. Commonwealth, 242 Va. 264, 281, 411 S.E.2d 12, 27 (1991) (finding that, where the written statement alleges a violation of a specific abduction statute, viz. abduction with the intent to defile, a citation to the general abduction statute was merely an error and not grounds for reversal); Wilder v. Commonwealth, 217 Va. 145, 147-48, 225 S.E.2d 411, 413 (1976) (finding that indictment's statutory citation impermissibly replaced the written statement, rather than supplemented it, because the language of the indictment did not originally charge an offense); Moore v. Commonwealth, 27 Va. App. 192, 198-99, 497 S.E.2d 908, 910-11 (1998) (finding that citation to the statute is insufficient to cure an indictment, where the statute cited contains more than one grade of offense and the citation does not specify for which grade defendant was indicted); Hall v. Commonwealth, 8 Va. App. 350, 352, 381 S.E.2d 512, 513 (1989) (same).

Robinson contends that the Virginia Supreme Court's decisions in Evans v. Commonwealth, 183 Va. 775, 33 S.E.2d 636 (1945), and Powell v. Commonwealth, 261 Va. 512, 552 S.E.2d 344 (2001), dictate another result. These cases are distinguishable

-

and do not control.[3]  Robinson cites the language in Evans requiring that "all essential elements of an offense must be precisely stated in the indictment; inference may not supply an element that is lacking."  However, in Evans, the indictment not only failed to set forth all the elements of the offense, it did not contain a citation to the applicable seduction statute.  As a result, an essential element of the offense was omitted from the body of the indictment and no curative statutory reference was included from which the defendant could determine the nature and character of the charge.  Here, the indictment alleged the essential element because it cited the statute allegedly violated and in doing so, effectively incorporated, in haec verba, the elements of the offense defined in the statute.  See Wall Distributors, 228 Va. at 363, 323 S.E.2d at 78.  In short, the elements of the offense against Robinson were stated in the indictment by the language and citation to the statute allegedly violated.

Robinson's reliance on Powell is, likewise, misplaced.  In Powell, the defendant was indicted for capital murder "in the

_____

[3] In Evans, the defendant was indicted for seduction.  The indictment did not allege that the victim was unmarried, a required element of the offense.  Significantly, the indictment contained no citation to the statute or ordinance that the defendant allegedly violated.  The Commonwealth moved to amend the indictment, and the trial court granted the motion.  On appeal, the defendant contended the indictment was not properly amended.  Evans, 183 Va. at 776-77, 33 S.E.2d at 636-37.  The Supreme Court agreed and reversed his conviction.  Id. at 781, 33 S.E.2d at 639.

-

commission of robbery or attempted robbery."  Prior to trial, the Commonwealth moved to amend the indictment to charge capital murder "during the commission of or subsequent to rape and/or attempted rape and/or sodomy and/or attempted sodomy."  Powell, 261 Va. at 521, 552 S.E.2d at 349.  The trial court permitted the amendment, over the defendant's objection.  The Supreme Court reversed, holding that the amendment introduced a new theory of capital murder.  Neither the language of the indictment nor the statute charged murder in the commission of rape or attempted rape or sodomy or attempted sodomy.  The Supreme Court held that the amendment impermissibly "expanded the indictment to include a new and additional charge," which was not considered by the grand jury.  Id. at 534, 552 S.E.2d at 356.  Therefore, the amended indictment was improper.

In this case, the indictment returned by the grand jury described the nature of the offense and the facts underlying the charge.  It also cited to the aggravated malicious wounding statute.  The statutory citation, coupled with facts alleged, was sufficient to set forth all relevant elements of the aggravated malicious wounding offense.  Thus, we cannot conclude that this offense was "not previously considered by the grand jury."

-

We find no error in the trial court's decision and, accordingly, we affirm.

Affirmed.

Benton, J., dissenting.

Code § 19.2-217 provides that "no person shall be put upon trial for any felony, unless an indictment . . . shall have first been found or made by a grand jury in a court of competent jurisdiction."  Prescribing the requirements for an indictment, Code § 19.2-220 states as follows:

> The indictment or information shall be a plain, concise and definite written statement . . . describing the offense charged. . . .  In describing the offense, the indictment . . . may use the name given to the offense by the common law, or the indictment . . . may state so much of the common law or statutory definition of the offense as is sufficient to advise what offense is charged.

The indictment at issue in this prosecution charged the following in its written statement:

> THE GRAND JURORS of the Commonwealth of Virginia, in an for the body of the County of Sussex, and now attending the Circuit Court of said County at its November 13, 2001 Term, upon their oaths present that ANTONIO ROBINSON on or about the 24th day of July, 2001, in the County of Sussex, did feloniously and maliciously shoot or wound Ron Corey Tyler, with the intent to maim, disfigure, disable, or kill, against the peace and dignity of the Commonwealth of Virginia.

This written statement unambiguously describes fully and completely the elements of malicious wounding as proscribed by Code § 18.2-51 ("If any person maliciously shoot . . . or wound any person . . . with the intent to maim, disfigure, disable, or kill, he shall . . . be guilty of a Class 3 felony.").  Thus, we

-

need look no further than Code § 19.2-220, Code § 18.2-51, and the written description in the indictment to reach the conclusion that the grand jury charged the offense of malicious wounding.

Notwithstanding the clear import of these statutes and the unambiguous written statement in the indictment describing the offense of malicious wounding, the majority opinion holds that the offense charged by the indictment is aggravated malicious wounding. See Code § 18.2-51.2 ("If any person maliciously shoots . . . or wounds any other person . . . with the intent to maim, disfigure, disable or kill, he shall be guilty of a Class 2 felony if the victim is severely injured and is caused to suffer permanent and significant physical impairment." (emphasis added)). This holding is premised upon an inference the majority draws from the reference to Code § 18.2-51.2 at the bottom of the indictment. I disagree with this inference and the reasoning.

When an indictment completely charges a statutory offense by "a plain, concise and definite written statement . . . describing the offense charged," Code § 19.2-220, we have no authority to suppose that the grand jury intended another offense merely because the bottom of the indictment references a statutory offense different than the offense fully and completely denoted by the plain writing of the indictment. Indeed, the Supreme Court reversed a conviction in Wilder v.

-

<u>Commonwealth</u>, 217 Va. 145, 225 S.E.2d 411 (1976), where the statutes at the bottom of the indictment proscribed criminal conduct different in kind from the conduct charged in the written statement of the indictment. <u>Id.</u> at 147, 225 S.E.2d at 413. In so doing, the Supreme Court disagreed with the Commonwealth's contention that those statutory references "save[d] the indictment," and the Court held that "the references at the foot of the [indictment] to the . . . statutes . . . support, but do not replace the 'definite written statement' . . . required in the body of an indictment." <u>Id.</u> at 148, 225 S.E.2d at 413. It is the "definite written statement" of the indictment which determines the character of the offense charged by the grand jury. See <u>id.</u> at 147-48, 225 S.E.2d at 413.

Likewise, Rule 3A:6(a) does not support the majority opinion's reasoning. In pertinent part, it provides as follows:

> Error in the citation of the statute or ordinance that defines the offense or prescribes the punishments therefor, or omission of the citation, shall not be grounds for dismissal of an indictment or information, or for reversal of a conviction, unless the court finds that the error or omission prejudiced the accused in preparing his defense.

Rule 3A:6(a). This provision of the Rule is an express recognition that, in the absence of prejudice, when a conflict exists between the express wording of the indictment and a statutory citation in the indictment, the statutory citation

-

must give way to the otherwise properly drawn indictment.  Thus, in George v. Commonwealth, 242 Va. 264, 411 S.E.2d 12 (1991), where "the indictment specifically charged . . . abduction with 'the intent to defile'" but referred to the general statute (Code § 18.2-47), rather than the specific abduction statute (Code § 18.2-48), id. at 280-81, 411 S.E.2d at 22, the Supreme Court held that the trial judge properly amended the indictment by striking its reference to Code § 18.2-47, the general abduction statute.  In so holding, the court reasoned that Rule 3A:6 requires deference to the written statement describing the offense.  Id. at 281, 411 S.E.2d at 22.

The majority opinion merely infers that the grand jury intended to charge Robinson with aggravated malicious wounding because, although the wording of the indictment describes only malicious wounding, the statutory reference at the bottom of the indictment is Code § 18.2-51.2.  The majority opinion's inference is further based upon the supposition that the statutory reference at the bottom of the indictment was not an error.  In other words, it draws this inference relying solely on the Commonwealth's argument that the grand jury did not intend to refer to Code § 18.2-51.  As the Supreme Court has "held in the past[, however,] . . . all essential elements of an offense must be precisely stated in the indictment; inference may not supply an essential element that is lacking."  Wall

-

Dist., Inc. v. Newport News, 228 Va. 358, 362, 323 S.E.2d 75, 77 (1984).

"[N]ot once has it been said that the . . . court has the power to change by amendment the character of an offense as found by the grand jury." Evans v. Commonwealth, 183 Va. 775, 781, 33 S.E.2d 636, 639 (1945). Thus, for example, we have reversed a conviction of a greater offense where the indictment's statutory reference was "ambiguous" and the indictment's written statement clearly charged the lesser of two offenses. Hall v. Commonwealth, 8 Va. App. 350, 352, 381 S.E.2d 512, 513 (1989). In so doing, we applied this Court's consistent holding that "[w]here a statute contains more than one grade of an offense and each grade carries a different punishment the indictment must contain an assertion of the facts essential to the punishment sought to be imposed." Id. (emphasis added). See also Moore v. Commonwealth, 27 Va. App. 192, 198, 497 S.E.2d 908, 910 (1998) (holding that "the language of . . . the grand jury's indictment" establishes the charge). The requirement that the indictment must contain an assertion of the facts essential to the specific charge is just as imperative here, where conduct is graduated into several offenses by the existence of distinct statutes. This requirement is merely a statement of the well established principle that "by the rules of criminal pleading the indictment must always contain an averment of every fact essential to the punishment to be

-

inflicted."  Shiflett v. Commonwealth, 114 Va. 876, 879, 77 S.E. 606, 607 (1913).

Simply put, the absence of those essential facts may not be supplied by a mere inference, as the majority opinion does in this case.

> [T]he charge set forth in an indictment must be apparent from the face of the document. None of the information that is essential to provide an accused with adequate notice of a particular charge can be added to an indictment by speculating, after the fact, about the possible intention of the writer of the instrument.  As this Court has stated in response to a similar argument, "[t]he defendant cannot be expected to have assumed that he was charged with the greater of the two offenses unless it was expressly charged in the indictment."  We cannot say without disregarding the express language of the indictment and resorting to inference or surmise that the indictment in question was intended to charge appellant of violating Code § [18.2-51.1, which is the greater of the two offenses].

Moore, 27 Va. App. at 199, 497 S.E.2d at 911 (citation omitted).

As the Supreme Court observed in Evans, "[t]he only possible knowledge the . . . court possessed was acquired through the motion of the attorney for the Commonwealth to amend the indictment."  183 Va. at 780, 33 S.E.2d at 638.  The prosecutor's view of the cause of the anomaly is unreliable because "[i]t is 'the province of the grand jury . . . to ascertain from the evidence adduced whether or not' the evidence will sustain the charge brought."  Powell v. Commonwealth, 261 Va. 512, 535, 552 S.E.2d 344, 357 (2001) (citation omitted).

-

Courts have no authority to infer, after the fact, that the grand jury intended to make an indictment beyond the plain and definite written words, which the grand jury used to fully and completely describe an extant offense.

For these reasons, I would hold that the indictment charged malicious wounding as proscribed by Code § 18.2-51. Accordingly, the trial judge erred in permitting the Commonwealth to institute a prosecution upon the charge of aggravated malicious wounding, which requires proof of elements not contained in the indictment's written statement describing the offense.

I dissent.

-