COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Clements and Beales
Argued at Richmond, Virginia


ADIAN MARSELL BARTH

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0052-06-2                JUDGE JEAN HARRISON CLEMENTS
                                                         FEBRUARY 20, 2007

COMMONWEALTH OF VIRGINIA


                  FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                              Richard D. Taylor, Jr., Judge

            Horace F. Hunter for appellant.

            Jonathan M. Larcomb, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Adian Marsell Barth (appellant) was convicted in a bench trial of breaking and entering, in

violation of Code § 18.2-91, and assault and battery, in violation of Code § 18.2-57.  On appeal, he

contends the trial court erred in denying his motion to strike the breaking and entering charge on the

ground the evidence was insufficient to prove he broke and entered with the "intent to commit

larceny or other felony," as alleged in the indictment.  Finding no error, we affirm the trial court's

judgment.

        As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

"Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to it all reasonable inferences fairly deducible therefrom." King v. Commonwealth, 40 Va. App. 193, 195, 578 S.E.2d 803, 804 (2003). So viewed, the evidence established that, on July 29, 2004, at approximately 1:30 a.m., appellant and five to seven other individuals broke into and entered the home of Sunny Henley. Once inside the residence, appellant and his cohorts immediately attacked Ms. Henley's son, Mario. Appellant initiated the attack by approaching Mario and punching him in the face. As Mario lay on the ground, appellant and the other attackers landed successive blows to his body. Mario sustained injuries and permanent physical scarring as a result of the attack. Ms. Henley attempted to lie on top of Mario to shield him and was kicked in the side multiple times by the attackers.

Shortly thereafter, arrest warrants were issued against appellant charging him with the felony offense of breaking and entering "in the nighttime the dwelling house of Sunny Henley with the intent to commit assault and battery," in violation of Code § 18.2-91, and the misdemeanor offenses of assaulting and battering Mario and Sunny Henley, in violation of Code § 18.2-57. The general district court convicted appellant of the two misdemeanor assault and battery charges and certified the felony breaking and entering charge to the grand jury. Appellant appealed the two assault and battery convictions to the circuit court. The grand jury returned an indictment against appellant charging that he "did feloniously and unlawfully break and enter in the daytime or nighttime, the dwelling of Sunny Henley, with intent to commit larceny or other felony therein. Virginia Code Section 18.2-91 . . . (Dwelling house, w intent to commit larceny, A&B, etc)." Nothing in the record explains the discrepancy in the descriptions of the felony offense in the arrest warrant and the indictment. Appellant did not challenge the validity of the indictment or request a bill of particulars prior to trial.

Appellant was tried on all three charges in a single trial in the circuit court. At the trial, the Commonwealth's evidence established the facts recounted above. At the close of the Commonwealth's case, appellant moved to strike the breaking and entering charge, arguing there was a fatal variance between the Commonwealth's evidence, which showed appellant had the intent to commit assault and battery when he broke into and entered Sunny Henley's home, and the indictment, which specifically alleged he committed breaking and entering with the "intent to commit larceny or some other felony." The prosecutor argued there was no fatal variance because the title of the statute cited in the indictment includes the intent to commit assault and battery. Alternatively, she argued the trial court could amend the indictment to include the intent to commit assault and battery if necessary. The trial court did not amend the indictment and denied appellant's motion.

Appellant also moved to strike the charge of assaulting and battering Sunny Henley, and the court granted that motion. Appellant subsequently testified he was not among the group of people who broke into Sunny Henley's home and assaulted and battered Mario Henley and was not even present at the incident.

At the close of all the evidence, appellant renewed his motion to strike the breaking and entering charge, again arguing the Commonwealth's evidence failed to prove he had the intent to commit larceny or some other felony, as specifically alleged in the indictment. The prosecution cannot "get around their own indictment . . . that they prepared," he argued. The trial court again denied the motion, ruling that, in citing Code § 18.2-91, which includes the intent to commit assault and battery in "the heading of that statute," the indictment "appropriately advised [appellant] of the nature of the offense" established by the Commonwealth's evidence.

The trial court convicted appellant of the breaking and entering charge and the remaining assault and battery charge, and this appeal followed.

## II. ANALYSIS

On appeal, appellant challenges only his conviction for breaking and entering. He claims that, because the evidence presented at trial showed, at most, that he had the intent to commit assault and battery, a misdemeanor offense, the Commonwealth's evidence failed to prove he broke into and entered Sunny Henley's home with the "intent to commit larceny or some other felony," as specifically alleged in the indictment. Hence, he argues, the evidence fatally varied from the charge in the indictment and was therefore insufficient to support his conviction. Thus, he concludes, the trial court erred in denying his motion to strike the breaking and entering charge.

The sole issue on appeal is whether a fatal variance existed between the offense charged in the indictment and the proof offered by the Commonwealth at trial.[1] For the reasons that follow, we hold that no such variance existed.

"Notice to the accused of the offense charged against him is the rockbed requirement which insures the accused a fair and impartial trial on the merits and forms the key to the fatal variance rule." Hairston v. Commonwealth, 2 Va. App. 211, 214, 343 S.E.2d 355, 357 (1986). "The purpose of an indictment 'is to give an accused notice of the nature and character of the

---

[1] Citing Taylor v. Commonwealth, 207 Va. 326, 150 S.E.2d 135 (1966), and Sims v. Commonwealth, 28 Va. App. 611, 507 S.E.2d 648 (1998), appellant also appears to suggest in his appellate brief that, even had the indictment expressly tracked the title of Code § 18.2-91 and alleged he committed breaking and entering with the "intent to commit larceny, assault and battery or other felony," it would still be insufficient to sustain his conviction because the indictment must "specify the [precise] offense or felony which it alleges he intended to commit." Specific intent, he asserts, is an essential element of breaking and entering. Thus, he appears to conclude, only an indictment that specifically alleged he had the intent to commit assault and battery alone would "set forth the element of intent specifically enough to apprise [him] of the nature and character of the offense." Appellant, however, made no such argument regarding the need for the indictment to be limited to a single intended offense before the trial court. Thus, we will not consider it for the first time on appeal. See Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (holding that we "will not consider an argument on appeal [that] was not presented to the trial court"); Rule 5A:18. Accordingly, we limit our consideration to the fatal variance issue that was properly preserved for appeal.

accusations against him in order that he can adequately prepare to defend against his accuser.'" Walshaw v. Commonwealth, 44 Va. App. 103, 109, 603 S.E.2d 633, 636 (2004) (quoting King, 40 Va. App. at 198, 578 S.E.2d at 806). "An accused has the right to be clearly informed of the charge he faces." Williams v. Commonwealth, 8 Va. App. 336, 341, 381 S.E.2d 361, 364 (1989). Thus, "'[t]he accused cannot be convicted unless the evidence brings him within the offense charged in his indictment. . . . [T]he indictment must charge the very offense for which a conviction is asked.'" Id. (second alteration in original) (quoting Mitchell v. Commonwealth, 141 Va. 541, 553, 127 S.E. 368, 372 (1925)).

"A variance is fatal, however, only when the proof is different from and irrelevant to the crime defined in the indictment and is, therefore, insufficient to prove the commission of the crime charged." Hawks v. Commonwealth, 228 Va. 244, 247, 321 S.E.2d 650, 651-52 (1984). "Errors in '[m]ere matters of form [in an indictment will be rejected] where no injury [or prejudice] could have resulted therefrom to the accused.'" Scott v. Commonwealth, 49 Va. App. 68, 73, 636 S.E.2d 893, 895 (2006) (quoting Griffin v. Commonwealth, 13 Va. App. 409, 411, 412 S.E.2d 709, 711 (1991)).

"When considering on appeal whether an indictment charged a particular offense, we limit our scrutiny to the face of the document." Moore v. Commonwealth, 27 Va. App. 192, 198, 497 S.E.2d 908, 910 (1998). Here, the indictment charged that appellant "did feloniously and unlawfully break and enter in the daytime or nighttime, the dwelling of Sunny Henley, with intent to commit larceny or other felony therein. Virginia Code Section 18.2-91 . . . (Dwelling house, w intent to commit larceny, A&B, etc)."[2]

---

[2] Code § 18.2-91 provides, in pertinent part, as follows:

Entering dwelling house, etc., with intent to commit larceny,
assault and battery or other felony.

Code § 19.2-220 provides, in pertinent part, that "[t]he indictment . . . shall be a plain, concise and definite written statement . . . describing the offense charged. . . . In describing the offense, . . . the indictment . . . may state so much of the common law or statutory definition of the offense as is sufficient to advise what offense is charged." Rule 3A:6(a) provides that the indictment, "in describing the offense charged, shall cite the statute . . . that defines the offense." "'The inference to be drawn from the provisions of Code § 19.2-220 and Rule 3A:6(a) is clearly that incorporation by . . . reference of the statute cited in the indictment' provides adequate notice of the charges against the accused." Walshaw, 44 Va. App. at 109-10, 603 S.E.2d at 636 (quoting Thomas v. Commonwealth, 37 Va. App. 748, 753, 561 S.E.2d 56, 58 (2002)); see also Wall Distributors, Inc. v. Newport News, 228 Va. 358, 363, 323 S.E.2d 75, 78 (1984) (holding that the statutory citation required by Rule 3A:6(a) "is not mere surplusage but is inextricably included as a definitive part of the indictment[]"); Reed v. Commonwealth, 3 Va. App. 665, 667, 353 S.E.2d 166, 168 (1987) (holding that citation to the statute "inform[s the accused] of the essential elements of the case against him").

Applying these principles to this case, it is clear that the citation in the indictment to Code § 18.2-91 incorporated by reference the complete definition of the offense set forth in the statute and supplemented the charging language of the indictment. Hence, appellant knew from the indictment that he was being charged generally with the crime of breaking and entering as defined in Code § 18.2-91. As the statute's title reflects, that offense may be committed with the

---

> If any person commits any of the acts mentioned in Code § 18.2-90 with intent to commit larceny, or any felony other than murder, rape, robbery or arson in violation of [Code] §§ 18.2-77, 18.2-79, or § 18.2-80, or if any person commits any of the acts mentioned in [Code] § 18.2-89 or [Code] § 18.2-90 *with intent to commit assault and battery*, he shall be guilty of statutory burglary . . . .

(Emphasis added.)

"intent to commit larceny, assault and battery or other felony." Thus, although the body of the charge omitted reference to the intent to commit assault and battery, that specific intent was alleged in the indictment. Indeed, in reciting an abbreviated title of the charged offense, the indictment specifically referenced the "intent to commit . . . A&B," or assault and battery. Accordingly, the indictment sufficiently advised appellant of the offense with which he was charged and put him on notice that he had to defend against the allegation that he broke and entered Sunny Henley's dwelling house with the intent to commit assault and battery.

Nor is there any question that appellant knew the Commonwealth would seek his conviction on that specific charge. The arrest warrant underlying the felony charge that was certified to the grand jury specifically accused appellant of breaking and entering "in the nighttime the dwelling house of Sunny Henley *with the intent to commit assault and battery*." (Emphasis added.) Along with the breaking and entering charge, appellant was simultaneously tried in the circuit court on two counts of misdemeanor assault and battery in connection with the same incident. Additionally, appellant made no attempt at trial to defend himself on any intent-related ground. Instead, he claimed only that he was not present at the time of the incident. Clearly, appellant was not surprised by or unprepared for the evidence presented by the Commonwealth at trial in connection with the breaking and entering charge, and he suffered no injury or prejudice as a result of the form of the indictment.

Because appellant was properly convicted of a crime that was defined in the indictment, we hold that no fatal variance existed between the offense charged in the indictment and the proof offered by the Commonwealth at trial. Consequently, the evidence was sufficient, as a matter of law, to support appellant's conviction of breaking and entering with the intent to commit assault and battery, in violation of Code § 18.2-91.

## III.  CONCLUSION

For these reasons, we affirm the trial court's denial of appellant's motion to strike the breaking and entering charge and we affirm appellant's conviction.

<u>Affirmed.</u>